KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
801 S. FIGUEROA ST., SUITE 1850
LOS ANGELES, CA 90017
PHONE: (213) 996-4400
FAX: (213) 996-4426

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

IN RE:

**CHRISTOPHER SCOTT FORD**




DEBTOR(S).

Case No: 2:26-12720-NB

CHAPTER 13

**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE OF MOTION AND MOTION TO DISMISS OR CONVERT CASE IF OBJECTIONS ARE NOT ADEQUATELY ADDRESSED OR EVIDENCE OF PAYMENTS IS NOT PROVIDED**

DATE:      July 2, 2026
TIME:       9:30 am
PLACE:     ROYBAL BUILDING
                 255 EAST TEMPLE STREET
                 Courtroom 1545 15th Floor
                 LOS ANGELES, CA 90012

TO THE HONORABLE  NEIL W. BASON,  UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ALL PARTIES IN INTEREST:

The Chapter 13 Standing Trustee (the "Trustee") hereby objects to confirmation of the plan in that the Debtor(s) has failed to meet all of the mandatory requirements set forth under 11 U.S.C. §1325. The Trustee's Objections are set forth in detail in Exhibit "A" of the attached Declaration in Support of the Trustee's Objections to Confirmation. The Objections are based on information as known to the Trustee as of the §341(a) Meeting of Creditors (The "Meeting"). The Trustee reserves the right to raise additional objections.

Unless otherwise specified at the Meeting, the Trustee requests that the debtor(s) provide any new or amended documents no later than five days after the Meeting. Pursuant to 11 U.S.C. §521(3), the debtor(s) is required to cooperate with the Trustee.

**ALL PARTIES IN INTEREST ARE NOTIFIED THAT THE TRUSTEE HEREBY MOVES FOR DISMISSAL OR CONVERSION OF THIS BANKRUPTCY CASE TO CHAPTER 7 IF THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, FAIL ADEQUATELY TO ADDRESS THE OBJECTIONS PRIOR TO OR AT THE HEARING, PURSUANT TO 11 U.S.C. § 1307(c), OR ALTERNATIVELY THAT THIS**

**COURT SET APPROPRIATE DEADLINES TO ADDRESS THE OBJECTIONS. WITHOUT LIMITING THE GENERALITY OF THE IMMEDIATELY PRECEDING SENTENCE, THE FAILURE OF THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S), TO APPEAR AT THE CONFIRMATION HEARING IS CAUSE FOR DISMISSAL OR CONVERSION OF THE CASE UNLESS THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S) IS EXCUSED BY THE TRUSTEE OR BY A COURT ORDER PURSUANT TO L.B.R. 3015-1(d).**

**THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, ARE ALSO ADVISED THAT THE CASE MAY BE DISMISSED OR CONVERTED AT THE CONFIRMATION HEARING IF ALL PLAN PAYMENTS AND THE DECLARATION SETTING FORTH POST-PETITION PRECONFIRMATION DEED OF TRUST PAYMENTS (OFFICIAL FORM F3015-1.4) ARE NOT TENDERED TO THE TRUSTEE PRIOR TO THE DULY NOTICED HEARING TIME.**

WHEREFORE, the Standing Trustee respectfully requests that confirmation of the plan be denied.

DATED: 6/9/2026

_____

KATHY A. DOCKERY, Chapter 13 Trustee

## DECLARATION OF KATHY A. DOCKERY

I, Kathy A. Dockery, declare as follows:

1.  I am the standing Chapter 13 Trustee in this matter and by virtue thereof, I have personal knowledge of files and records kept by my office in the regular course of business.  I have personally reviewed the files and records kept by my office in the within case.  The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called to do so.

2.  The Trustee objects to confirmation of the proposed Plan due to the following deficiencies all of which existed prior to or at the time of the §341(a) Meeting(s) held in this matter.  A true and correct copy of the Trustee's Objections in this matter is attached hereto and incorporated herein by reference as Exhibit "A".

3.  The Debtor(s) is requested to provide the documents and information set forth in Exhibit "A".

I declare under penalty of perjury that the fore

DATED: 6/9/2026

_____
KATHY A. DOCKERY,  Chapter 13 Trustee

EXHIBIT A

| EXHIBIT A |
| --- |

## Trustee Objections

## The Plan

**1** The Trustee requests that the Debtor's(s') proposed plan provide for the issuance of a payroll deduction order without further court order upon the Debtor becoming delinquent by two or more plan payments. The Debtor is also requested to check off the box in Part 1) 1.4 of the Plan to say "included" for other non-standard provisions. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(4).

**Amendment or Documentation Requested** :

Amended Plan

**2** The Above Median Income Debtor has failed to propose a Plan with a 5-year commitment period. The Debtor(s) has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001).

**Amendment or Documentation Requested** :

AMENDED PLAN

## Means Test

**3** The Debtor(s) is requested to remove the "ordinary and necessary operating expenses" under line #5 of form 122 C-1 per i re Wiegand, 2008 DJDAR 6175 (BAP 9th 4/30/08). The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B. R. 548, 552 (9th Cir. BAP (Cal.), 2001).

**Amendment or Documentation Requested** :

Amended 122C-1

## Income (Schedule I)

**4** The Debtor(s) is requested to provide a copy of the 2024-2025 Federal and State Income Tax Returns. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof fo plan confirmation. See In re: Huerta 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), In re: Wolff 22 B.R. 510, 512 (9th Cir. BAF (Cal.) 1982), In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001).

**Amendment or Documentation Requested** :

Federal and State Tax Returns

**5** The Debtor(s) is requested to produce all required business proof of income for a business with employees. The Debtor is requested to produce the following documents:

• Business Bank Statements for 6-month period prior to filing;

See LBR 3015-1(c)(5); The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(4).

**Amendment or Documentation Requested** :

As Stated, Business Documents

**6** The Debtor(s) has failed to provide a full month of supporting proof of income for Contribution Declaration. See LBR 3015-1(c)(3); The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(4). Contributions may be considered regular income where the contribution is based upon moral and legal obligations, the nondebtor is jointly liable for some debts, the contributions have been made in the past, or where there is direct evidence of the nondebtor's assent to assume the responsibility for funding the debtor's plan. Porter, 276 B.R. at 38; Jordan, 226 B.R. at 119.

**Amendment or Documentation Requested** :

PAYSTUBS
-BANK STATEMENT

**7** The Debtor is requested to amend Schedule I to disclose his projected business income. Further, the Debtor is requested to amend Schedule I to reduce the contribution to $2,000 pursuant to the contribution declaration provided. The Debtor (s) has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001).

**26-12720-NB Christopher Scott Ford**

**Amendment or Documentation Requested** :

AMENDED SCHEDULE I

## Expenses (Schedule J)

8   The Debtor(s) is requested to provide a copy of the Rental Agreement. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001).

**Amendment or Documentation Requested** :

Rental Agreement

## Attorney Fees

9   The amount of the prepetition and postpetition attorney fees disclosed in the 2016 (b) Statement, the Rights and Responsibilities Agreement or the Plan do not reconcile with one another. The Debtor is requested to file the appropriate amended document to resolve the inconsistency in fee amount in order for the attorney fees to be properly paid. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(4).

**Amendment or Documentation Requested** :

AMENDED PLAN, RARA 2016b

## Miscellaneous Objections

10   The Debtor(s) is requested to provide appropriate evidence of all required plan payments which have come due prior to the date and time of the scheduled confirmation hearing pursuant to the Trustee's policy and Local Bankruptcy Rules 3015-1(k) et seq. and 3015-1(m) et seq.

The debtor(s) must submit relevant evidence of electronic payments made via TFS prior to the confirmation hearing. **A scheduled future electronic payment is insufficient evidence to prove that the debtor (s) is current on plan payments.**

Failure to timely submit plan payments including electronic payments may be cause for dismissal or conversion of the case to a case under chapter 7 pursuant to 11 U.S.C. Section 1307(c) and Local Bankruptcy Rule 3015-1(k)(4) and 3015-1(m)(8).

**Amendment or Documentation Requested** :

Evidence of TFS Payments with date of the transaction

**26-12720-NB Christopher Scott Ford**