Sanaz Sarah Bereliani, Esq (SBN 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
Telephone: 310-882-5482
Fax: 888-876-0896
E-mail: sanaz@berelianilaw.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**CHRISTOPHER SCOTT FORD,**<br><br>Debtor. | Case No. 2:26-bk-12720-NB<br><br>Chapter 13<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION OBJECTING TO CLAIM NO. 12-1 OF MATTHEW PERIDIS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER SCOTT FORD IN SUPPORT**<br><br>[11 U.S.C. §502(b); Fed. R. Bankr. P. 3007; LBR 3007-1]<br><br>**Hearing:**<br>Date: October 15, 2026<br>Time: 8:30 a.m.<br>Place: Courtroom 1545<br>255 East Temple Street<br>Los Angeles, CA 90012<br>Judge: Hon. Neil W. Bason |

**TO THE HONORABLE NEIL BASON, US BANKRUPTCY JUDGE; KATHY A DOCKERY (TR), CHAPTER 13 TRUSTEE; MATTHEW PERIDIS, CREDITOR; AND ALL OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on the date and time set forth above, in Courtroom 1545 of the United States Bankruptcy Court, 255 East Temple Street, Los Angeles, California, the Honorable Neil

W. Bason presiding, Christopher Scott Ford (the "Debtor") will and hereby does move the Court for an order sustaining his objection to Claim No. 12-1 filed on June 1, 2026 by Matthew Peridis (the "Claimant"), allowing the claim as a general unsecured, nonpriority claim in the amount of $157,200.00, and disallowing the claim in all other respects (the "Motion"). The Motion is made pursuant to 11 U.S.C. §502(b), Federal Rule of Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1, and is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Christopher Scott Ford and exhibits thereto, the claims register and all pleadings and papers on file in this case, and such further evidence and argument as may be presented at or before the hearing.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(f), any opposition to the Motion must be filed with the Court and served upon the Debtor's counsel at the address above not later than fourteen (14) days before the hearing. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve opposition may be deemed consent to the relief requested. This Motion and Notice are being served not less than thirty (30) days before the hearing upon the Claimant at the name and address designated for notices on the proof of claim, as required by Federal Rule of Bankruptcy Procedure 3007(a)(1)–(2).

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

DATED: August 25, 2026

By: /s/ Sanaz Sarah Bereliani______
Sanaz Bereliani, Attorney for
Debtor Christopher Scott Ford

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**INTRODUCTION**

Claim No. 12-1 asserts a debt of $437,907.43 arising from a single, fully liquidated obligation: the $250,000.00 equalization payment fixed by the parties' stipulated judgment of dissolution entered September 12, 2023 by the Los Angeles Superior Court in *Ford v. Ford*, Case No. 21 STFL 13789 (the "Judgment"). The Debtor has paid $92,800.00 against that obligation - thirty-two consecutive monthly installments of $2,900.00 from June 15, 2023 through January 15, 2026. Under the Judgment's own terms, the remaining balance is $157,200.00. That arithmetic - plus, at the outside, $86.14 of default interest for the two days between the Judgment's earliest possible acceleration date (March 21, 2026) and the petition date (March 23, 2026) - is the beginning and the end of the allowable claim.

The Claimant arrives at a figure $280,707.43 higher only by (1) going behind his own stipulated Judgment to resurrect a purported pre-dissolution "business loan" of approximately $338,725 - an obligation the Judgment expressly merged, equalized, and released; (2) inflating the remaining installments with "present value" and interest computations that 11 U.S.C. §502(b)(2) squarely disallows; (3) "reserving" contingent tax-indemnification claims that §502(e)(1)(B) disallows and that the Judgment itself allocates; and (4) adding more than $25,000 in undocumented attorney's fees that the Judgment requires each party to bear himself. Each component fails as a matter of law. The claim should be allowed as a general unsecured, nonpriority claim of $157,200.00 and disallowed in all other respects.

**II.**
**JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. §§157 and 1334. The allowance or disallowance of claims against the estate is a core proceeding. 28 U.S.C. §157(b)(2)(B). Venue is proper under 28 U.S.C. §§1408 and 1409. The Debtor consents to the entry of a final order by this Court.

///

## III.
## STATEMENT OF FACTS

The Debtor and the Claimant (formerly Matthew Ford, whose name was restored to Matthew Edward Agapitos Peridis) were married for one year and nine months and stipulated to a judgment of dissolution entered September 12, 2023. (Ford Decl. ¶ 2, Ex. 1.) The Judgment is comprehensive. Section C irrevocably and mutually waives spousal support and terminates the court's jurisdiction to award it. Section D divides the community property. Section F requires the Debtor to pay the Claimant an equalization payment of $250,000.00 "in order to equalize the division of the parties' community property assets and debts *including the Paramount Residential Mortgage Group, Inc. loan no. xxx3045 (formerly the Val-Chris Investment loan) and any claims by either party for credits and/or reimbursements*," payable at a minimum of $2,900.00 per month commencing June 15, 2023 and continuing on the fifteenth day of each month through May 15, 2027, for a cumulative total of $250,000.00. Section F further provides that if any two consecutive installments are more than five days late, the remaining balance becomes immediately due and thereafter accrues interest at ten percent per annum.

The Judgment leaves nothing outside its four corners. Section B recites that the parties adjusted between themselves "all present and future rights of every kind and nature," and that its provisions are in full satisfaction of any known claim either party may have against the other. Section J requires each party to pay his own attorney's fees and costs incurred in connection with the dissolution through entry of judgment. Section L allocates tax liability: joint-year deficiencies for 2019–2020 are split equally, while for 2021 and all later years each party files separately and indemnifies the other against liability attributable to his own reported income and expenses. Section N broadly waives and releases all claims for reimbursement and credits of any kind, and Section U contains mutual warranties that neither party is aware of any material obligation incurred before separation other than those described in the

Judgment. Section V confirms both parties entered the Judgment voluntarily, represented by counsel, after full opportunity for discovery.

The Debtor timely made every monthly installment from the first payment on June 15, 2023 through the payment due January 15, 2026 - thirty-two installments of $2,900.00 totaling $92,800.00, as reflected in the Debtor's bank records. (Ford Decl. ¶¶ 4–6, Ex. 2.) The installments due February 15 and March 15, 2026 were not paid. Under Section F, those installments became "more than five (5) days late" on February 21 and March 21, 2026, respectively, so that the acceleration provision was triggered - at the earliest - on March 21, 2026, two days before the petition date. (Ford Decl. ¶ 7.) The remaining balance of the $250,000.00 equalization obligation is $157,200.00, plus at most $86.14 in prepetition default interest (ten percent per annum on $157,200.00 for the two days from March 21 through March 23, 2026).

The Debtor filed his chapter 13 petition on March 23, 2026. On June 1, 2026 - the claims bar date - the Claimant filed Claim No. 12-1, entered on the register by attorney Kurt Ramlo, asserting $437,907.43 and describing the basis as the "Judgment dividing marital property and debtors, assingment of debts" [sic]. The claim does not assert the $250,000.00 equalization obligation less payments received. Instead, its attachment recharacterizes the debt as a "business loan" of approximately $338,725.00, credits $50,000.00 for the Debtor's community property interest to reach a purported principal of $288,725.00, applies a discount-rate "valuation" of the remaining installments, adds interest accrued from January 5, 2026, "reserves the right" to add unliquidated tax-indemnification liabilities premised on IRS and FTB assessments against the Debtor, and adds more than $25,000.00 in attorney's fees and expenses. No promissory note, loan agreement, ledger, or fee itemization is attached. The claim is filed as unsecured and asserts no priority under 11 U.S.C. §507(a) (Official Form 410, Part 2, Box 12: "No").

///

**IV.**
**LEGAL STANDARD**

A filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). Upon objection, the court shall determine and allow the claim in its lawful amount, disallowing it to the extent it is "unenforceable against the debtor . . . under any agreement or applicable law," §502(b)(1), to the extent it is for "unmatured interest," §502(b)(2), and, in the case of contingent reimbursement claims of co-obligors, under §502(e)(1)(B). A claim filed in compliance with Rule 3001 constitutes prima facie evidence of its validity and amount. Fed. R. Bankr. P. 3001(f). The objecting party must come forward with evidence sufficient to negate at least one fact essential to the claim's legal sufficiency; once that showing is made, the burden reverts to the claimant, who bears the ultimate burden of persuasion as to the validity and amount of the claim by a preponderance of the evidence. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), aff'd mem., 91 F.3d 151 (9th Cir. 1996); *Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706–07 (9th Cir. BAP 2006).

The substantive validity of a claim is measured by the law that would govern outside bankruptcy - here, California law and the Judgment itself. *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000); *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450–51 (2007); *Butner v. United States*, 440 U.S. 48, 55 (1979). A claim based on a writing must be supported by the writing, Fed. R. Bankr. P. 3001(c), and while a documentation defect alone does not compel disallowance, it deprives the claim of prima facie validity and leaves the claimant to prove its claim by admissible evidence. *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 432–35 (9th Cir. BAP 2005); *Campbell v. Verizon Wireless (In re Campbell)*, 336 B.R. 430, 436 (9th Cir. BAP 2005).

///

**V.**

## ARGUMENT

**A. The Judgment Conclusively Fixed the Obligation at $250,000; Res Judicata Bars the Claimant From Resurrecting a Larger "Business Loan."**

Federal courts must give a California judgment the same preclusive effect it would receive in California courts. 28 U.S.C. §1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001) (California preclusion law governs the effect of a California judgment in bankruptcy). Under California law, a final judgment on the merits precludes relitigation not only of claims actually litigated but of every claim that could have been raised in the same cause of action, *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896–97 (2002); *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010), and a stipulated judgment is entitled to the same claim-preclusive effect, *Cal. State Auto. Ass'n Inter-Ins. Bureau v. Superior Court*, 50 Cal. 3d 658, 664 (1990).

Whatever inter-spousal advances the Claimant now labels a "$338,725 business loan" predated the dissolution and fell squarely within the marital estate the Judgment divided. The Judgment did not overlook that subject - it resolved it by name: Section F recites that the $250,000.00 equalization payment equalizes the parties' assets and debts "including the Paramount Residential Mortgage Group, Inc. loan (formerly the Val-Chris Investment loan) and any claims by either party for credits and/or reimbursements." Sections B and N release all other claims of every kind; Section U warrants that no material pre-separation obligations exist other than those described; and the parties expressly waived Epstein, Watts, and Jeffries credits and all reimbursement rights "although not specifically identified herein." Having stipulated, with counsel, that $250,000.00 fully and finally equalized the parties' financial relationship, the Claimant cannot use a proof of claim in this Court to collaterally enlarge his own state-court judgment into a $288,725.00 (or $338,725.00) obligation. To the extent Claim 12-1 exceeds the unpaid balance of the Judgment, it is unenforceable against the Debtor under applicable

nonbankruptcy law and must be disallowed under §502(b)(1). The Debtor, notably, seeks no review or modification of the Judgment - he asks this Court to enforce it exactly as written.

**B. Thirty-Two Undisputed Payments Reduce the Allowable Claim to $157,200.**

Official Form 410 itself acknowledges that an authorized signature on a proof of claim is an acknowledgment that, in calculating the amount, "the creditor gave the debtor credit for any payments received toward the debt." The Debtor's declaration and bank records establish thirty-two consecutive $2,900.00 installments from June 15, 2023 through January 15, 2026, totaling $92,800.00 - a payment history the Claimant's own attachment appears to concede by computing a balance "after 32 payments of $2,900." (Ford Decl. ¶¶ 4–6, Ex. 2.) That evidence negates the asserted balance and strips the claim of any prima facie effect; the burden of proving a larger debt returns to the Claimant, *Lundell*, 223 F.3d at 1039, and he cannot carry it, because the only enforceable instrument - the Judgment - caps the principal obligation at $250,000.00. The allowable balance is $250,000.00 less $92,800.00, or $157,200.00.

**C. The "Present Value" and Interest Components Are Disallowed Unmatured Interest Under §502(b)(2).**

Section 502(b)(2) fixes claims as of the petition date and disallows any component representing "unmatured interest." The Claimant's discount-rate "valuation" of the remaining installment stream is nothing more than capitalized future interest by another name: the Judgment obligates the Debtor to pay $250,000.00 in the aggregate, not $250,000.00 plus a time-value premium, and interest on installments that had not matured as of the petition date is categorically disallowed. Nor may the Claimant accrue post-petition interest on an unsecured claim. The remaining installments are allowed at their face amount - $157,200.00 - no more.

The Judgment's default provision changes almost nothing, and the Debtor addresses it forthrightly. Ten percent interest accrues only upon acceleration, and acceleration occurs only when "any two (2) consecutive installment payments . . . are more than five (5) days late." The Debtor was

current through the January 15, 2026 installment; the February 15 and March 15, 2026 installments went unpaid and became more than five days late on February 21 and March 21, 2026, respectively. The earliest the acceleration clause could have been triggered is therefore March 21, 2026 - two days before the March 23, 2026 petition date. Ten percent per annum on the accelerated balance of $157,200.00 for those two days is $86.14, and the Debtor does not oppose allowance of that amount if the Court determines it accrued. What §502(b)(2) forbids is everything beyond it: the claim's own computation runs interest from January 5, 2026 - ten days before an installment the Debtor actually paid and more than ten weeks before any default even arguably matured under the Judgment's five-day grace and two-consecutive-installment requirements - and it contradicts the Judgment on its face. Interest for any period after March 23, 2026 is post-petition interest on an unsecured claim and is disallowed regardless. The Claimant bears the burden of proving any different default date or computation. *Garvida*, 347 B.R. at 706–07.

**D. The "Reserved" Tax-Indemnification Component Is Contingent and Must Be Disallowed Under §502(e)(1)(B).**

The claim recites IRS and FTB positions concerning the Debtor's unfiled 2021 return and states that the Claimant "reserves the right" to include those liabilities "if appropriate in the future." A reservation of rights is not the assertion of a claim in a liquidated amount, and it supplies nothing to allow. To the extent the component is asserted at all, it is a claim for reimbursement or contribution by an entity that is or may be co-liable with the Debtor on jointly filed returns, and it remains contingent because the Claimant does not allege he has paid anything to any taxing authority. Such claims are disallowed. 11 U.S.C. §502(e)(1)(B); *In re Dant & Russell, Inc.*, 951 F.2d 246, 248 (9th Cir. 1991) (construing §502(e)(1)(B)). The point is not academic: the Franchise Tax Board and the Internal Revenue Service have filed their own claims in this case (Claims 1-1 and 2-1, in the amounts of $43,134.82 and $89,179.04), so allowing the Claimant a parallel indemnity claim for the same tax liabilities would create precisely the duplicative recovery §502(e)(1)(B) exists to prevent. The Judgment

reinforces the result: Section L requires separate filings for 2021 forward, with each party indemnified only against liability attributable to the *other* party's reported income and expenses, and any 2019–2020 joint deficiency is shared equally - none of which the Claimant alleges, quantifies, or documents.

**E. The Attorney's Fee Component Is Undocumented, Unsupported by Any Fee-Shifting Right, and Contrary to the Judgment.**

A creditor may include prepetition attorney's fees in an unsecured claim only where an enforceable contractual or statutory right to fees exists under applicable nonbankruptcy law. *Travelers*, 549 U.S. at 448–51; *SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 842–45 (9th Cir. 2009). No such right is shown here. Section J of the Judgment requires each party to bear his own fees, and the indemnification provisions on which the Claimant might rely (Sections G and I) address third-party claims arising from assigned debts and encumbrances - not the cost of collecting the equalization payment itself. Even if some fee right existed, Rule 3001(c) requires the supporting writing and an itemization; the claim attaches neither, asserting only that fees "total no less than $25,000" while reserving the right to add more. An unliquidated, undocumented, open-ended fee demand cannot be allowed, see *Heath*, 331 B.R. at 432–35, and while the Ninth Circuit permits an unsecured creditor to include post-petition fees that ride on an enforceable prepetition contractual fee right, *SNTL*, 571 F.3d at 842–45, that holding presupposes the very fee clause this Judgment lacks.

**F. The Claim Is a General Unsecured, Nonpriority Claim.**

The equalization payment is a division of property, not support: Section C of the Judgment irrevocably waives spousal support in both directions and terminates jurisdiction to award it, and the substance and function of the obligation - not its label - control its characterization. *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984). It is therefore not a domestic support obligation under 11 U.S.C. §101(14A) and is entitled to no priority under §507(a)(1) - a conclusion the Claimant himself concedes on the face of the claim (Form 410, Box 12: "No"). As a §523(a)(15) property-settlement debt, it is properly treated as a general unsecured claim through the plan and is subject to discharge upon

completion of the plan, because §1328(a)(2) excepts from the chapter 13 discharge only §523(a)(5) domestic support obligations, not §523(a)(15) debts.

## VI.
## ANTICIPATED OPPOSITION

The Claimant will invoke Rule 3001(f). But prima facie effect is an evidentiary presumption, not a merits ruling; the Debtor's declaration, the bank records, and the Judgment itself negate the asserted amount, and the burden of persuasion then rests - where it always ultimately rests - on the Claimant. *Lundell*, 223 F.3d at 1039; *Holm*, 931 F.2d at 623. Moreover, the claim's central premise - a freestanding loan larger than the Judgment - is unsupported by any attached writing, so as to that theory the claim never enjoyed prima facie validity at all. *Heath*, 331 B.R. at 433.

The argument is foreclosed three ways: Section F names the loan and equalizes it; Sections B, N, and U release and warrant away every unlisted claim; and California claim preclusion bars claims that could have been raised in the dissolution whether or not they were. A creditor dissatisfied with his stipulated judgment must seek relief, if any, from the Superior Court that retained jurisdiction to interpret it - not an enlarged claim in this Court.

The Debtor does not hide from Section F: acceleration was triggered, at the earliest, on March 21, 2026, and the Debtor concedes the resulting two days of prepetition default interest - $86.14. What the Claimant cannot do is run interest from January 5, 2026 (before a payment the Debtor made), apply it to a principal larger than the Judgment allows, or continue it past the petition date. Section 502(b)(2) bars unmatured and post-petition interest no matter how the default clause is read, and any different default date or computation is the Claimant's burden to prove with payment-by-payment evidence he has not offered.

Allowance and treatment are distinct. Section 502(b) fixes the claim as of the petition date; what the Claimant receives on that allowed claim is governed by the plan-confirmation requirements of

§1325, not by grossing up the claim itself. A time-value markup at the allowance stage is simply unmatured interest.

Sections G and I indemnify against third-party claims on assigned debts and encumbrances; they are not prevailing-party fee clauses for enforcing Section F. Even a colorable fee right would fail for want of the itemization and reasonableness showing that Rule 3001(c) and *SNTL* contemplate.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order

(1) sustaining the objection;

(2) allowing Claim No. 12-1 as a general unsecured, nonpriority claim in the amount of $157,200.00 (or, at most, $157,286.14, should the Court determine that default interest accrued under Section F of the Judgment from March 21, 2026 through the March 23, 2026 petition date);

(3) disallowing Claim No. 12-1 in all other respects, including all amounts attributable to the recharacterized "business loan," all other present-value or interest computations, contingent tax indemnification, and attorney's fees; and

(4) granting such other and further relief as is just and proper.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

DATED: August 25, 2026

By: /s/ Sanaz Sarah Bereliani
Sanaz Bereliani, Attorney for
Debtor Christopher Scott Ford

**DECLARATION OF CHRISTOPHER SCOTT FORD**

I, Christopher Scott Ford, declare as follows:

1. I am the Debtor in the above-captioned chapter 13 case. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. Attached as Exhibit 1 is a true and correct conformed copy of the Judgment for Dissolution of Marriage entered by the Los Angeles Superior Court on September 12, 2023 in Case No. 21 STFL 13789, together with the Notice of Entry of Judgment filed the same day (collectively, the "Judgment"), dissolving my marriage to Matthew Peridis (formerly Matthew Ford) (the "Claimant").

3. Section F of the Judgment requires me to pay the Claimant an equalization payment totaling $250,000.00, at a minimum of $2,900.00 per month, due on the fifteenth day of each month commencing June 15, 2023 and continuing through May 15, 2027.

4. I made each monthly installment of $2,900.00 from the first installment due June 15, 2023 through the installment due January 15, 2026 - thirty-two (32) installments in all - summarized as follows:

| **Period** | **Installments Paid ($2,900 each, due the 15th)** | **Count** | **Amount** |
|---|---|---:|---:|
| 2023 | June 15 through December 15, 2023 | 7 | $20,300.00 |
| 2024 | January 15 through December 15, 2024 | 12 | $34,800.00 |
| 2025 | January 15 through December 15, 2025 | 12 | $34,800.00 |
| 2026 | January 15, 2026 | 1 | $2,900.00 |
| **Total** | | **32** | **$92,800.00** |

5. Attached as Exhibit 2 are true and correct copies of my bank records reflecting each of the thirty-two payments identified above, totaling $92,800.00.

6. Applying the $92,800.00 I have paid against the $250,000.00 equalization obligation, the remaining balance as of the petition date was $157,200.00.

7. Through and including the installment due January 15, 2026, every installment was timely made and no installment was more than five days late. I did not pay the installments due February 15, 2026 and March 15, 2026. I filed my chapter 13 petition on March 23, 2026.

8. Other than the equalization obligation under the Judgment, I do not owe the Claimant any debt. I never signed any promissory note, loan agreement, or other instrument evidencing a "business loan" from the Claimant separate from the obligations resolved by the Judgment, and no such document is attached to Claim No. 12-1.

9. I have not received any notice that the Claimant has paid any amount to the Internal Revenue Service or the California Franchise Tax Board on account of any tax liability of mine, and Claim No. 12-1 does not allege any such payment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 18, 2026, at Los Angeles, California.

Christopher Scott Ford, Declarant

# EXHIBIT "1"

Received: 9/6/2023 3:45 PM

FL-190

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
STEPHEN N. SHAPIRO, ESQ. (S.B.#72615)
LAW OFFICES OF STEPHEN N. SHAPIRO
16830 VENTURA BOULEVARD, SUITE 500
ENCINO, CALIFORNIA 91436
TELEPHONE NO.: (818) 990-8674 FAX NO. (Optional): (818) 981-1785
E-MAIL ADDRESS (Optional): s.shapiro@shaplawoffices.com
ATTORNEY FOR (Name): PETITIONER CHRIS FORD

FOR COURT USE ONLY

Electronically FILED
Superior Court of California
County of Los Angeles
9/12/2023 9:33 AM
David W. Slayton
Executive Officer/Clerk of Court,
By C. L. Mitchell, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: CENTRAL DISTRICT

PETITIONER: CHRIS FORD

RESPONDENT: MATTHEW FORD

**NOTICE OF ENTRY OF JUDGMENT**

CASE NUMBER: 21 STFL 13789

You are notified that the following judgment was entered on (date): 09/12/2023

1. [X] Dissolution
2. [ ] Dissolution - status only
3. [ ] Dissolution - reserving jurisdiction over termination of marital status or domestic partnership
4. [ ] Legal separation
5. [ ] Nullity
6. [ ] Parent-child relationship
7. [ ] Judgment on reserved issues
8. [ ] Other (specify):

Date: 09/12/2023

Clerk, by /s/ C. Mitchell, Deputy

**-NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY-**

Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

**STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION**

Effective date of termination of marital or domestic partnership status (specify): 09/12/2023

**WARNING: Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.**

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true copy of the *Notice of Entry of Judgment* was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at (place): Los Angeles, California, on (date): 09/12/2023

Date: 09/12/2023

Clerk, by /s/ C. Mitchell, Deputy

| Name and address of petitioner or petitioner's attorney | Name and address of respondent or respondent's attorney |
|---|---|
| CHRIS FORD<br>c/o STEPHEN N. SHAPIRO, ESQ.<br>LAW OFFICES OF STEPHEN N. SHAPIRO<br>16830 VENTURA BOULEVARD, SUITE 500<br>ENCINO, CALIFORNIA 91436 | MATTHEW FORD<br>c/o NICHOLAS A. SALICK, ESQ.<br>SALICK FAMILY LAW GROUP, APLC<br>1801 CENTURY PARK EAST, 25TH FLOOR<br>LOS ANGELES, CALIFORNIA 90067 |

Received: 9/6/2023 3:45 PM

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

FL-180

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
STEPHEN N. SHAPIRO, ESQ. (S.B.#72615)
LAW OFFICES OF STEPHEN N. SHAPIRO
16830 VENTURA BOULEVARD, SUITE 500
ENCINO, CALIFORNIA 91436
TELEPHONE NO.: (818) 990-8674 FAX NO. (Optional): (818) 981-1785
E-MAIL ADDRESS (Optional): s.shapiro@shaplawoffices.com
ATTORNEY FOR (Name): PETITIONER CHRIS FORD

FOR COURT USE ONLY
Electronically FILED
Superior Court of California
County of Los Angeles
9/12/2023 9:30 AM
David W. Slayton
Executive Officer/Clerk of Court,
By C. L. Mitchell, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: CENTRAL DISTRICT

MARRIAGE OR PARTNERSHIP OF
PETITIONER: CHRIS FORD
RESPONDENT: MATTHEW FORD

## JUDGMENT

[X] DISSOLUTION [ ] LEGAL SEPARATION [ ] NULLITY
[ ] Status only
[ ] Reserving jurisdiction over termination of marital or domestic partnership status
[ ] Judgment on reserved issues
Date marital or domestic partnership status ends: 09/12/2023

CASE NUMBER: 21 STFL 13789

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders. The restraining orders are contained on page(s) of the attachment. They expire on *(date)*:
2. This proceeding was heard as follows: [X] Default or uncontested [X] By declaration under Family Code section 2336 [ ] Contested [ ] Agreement in court
   a. Date: 09/12/2023 Dept.: 2 Room: 215
   b. Judicial officer *(name)*: Jeffrey W. Korn [ ] Temporary judge
   c. [ ] Petitioner present in court [ ] Attorney present in court *(name)*:
   d. [ ] Respondent present in court [ ] Attorney present in court *(name)*:
   e. [ ] Claimant present in court *(name)*: [ ] Attorney present in court *(name)*:
   f. [ ] Other *(specify name)*:
3. The court acquired jurisdiction of the respondent on *(date)*: JANUARY 20, 2022
   a. [ ] The respondent was served with process.
   b. [X] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) [X] on *(specify date)*: 09/12/2023
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify)*:
   d. [ ] This judgment will be entered nunc pro tunc as of *(date)*:
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [X] respondent's former name is restored to *(specify)*: MATTHEW EDWARD AGAPITOS PERIDIS
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a Child Support Order* (form FL-192) is attached.

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

FL-180

| CASE NAME (*Last name, first name of each party*): FORD, CHRIS AND FORD, MATTHEW | CASE NUMBER: 21 STFL 13789 |
|---|---|

4\. i. ☐ The children of this marriage or domestic partnership are:
(1) ☐ Name Birthdate

(2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership

j. ☐ Child custody and visitation (parenting time) are ordered as set forth in the attached
(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).
(2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).
(3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).
(4) ☐ Previously established in another case. Case number: Court:

k. ☐ Child support is ordered as set forth in the attached
(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).
(2) ☐ *Child Support Information and Order Attachment* (form FL-342).
(3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).
(4) ☐ Previously established in another case. Case number: Court:

*l.* ☒ Spousal, domestic partner, or family support is ordered:
(1) ☐ Reserved for future determination as relates to ☐ petitioner ☐ respondent
(2) ☒ Jurisdiction terminated to order spousal or partner support to ☒ petitioner ☒ respondent
(3) ☐ As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).
(4) ☐ As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.
(5) ☐ Other *(specify)*:

m. ☒ Property division is ordered as set forth in the attached
(1) ☒ Settlement agreement, stipulation for judgment, or other written agreement.
(2) ☐ *Property Order Attachment to Judgment* (form FL-345).
(3) ☐ Other *(specify)*:

n. ☒ Attorney fees and costs are ordered as set forth in the attached
(1) ☒ Settlement agreement, stipulation for judgment, or other written agreement.
(2) ☐ *Attorney Fees and Costs Order* (form FL-346).
(3) ☐ Other *(specify)*:

o. ☒ Other *(specify)*: SEE ATTACHMENT FL-180 4.o.

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: XXX XXX
JUDICIAL OFFICER

5\. Number of pages attached: 16 ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.
A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.
An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.
Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

ATTACHMENT FL-180 4.o.
CHRIS FORD AND MATTHEW FORD
LOS ANGELES SUPERIOR COURT CASE NO. 21 STFL 13789

This Stipulated Judgment for Dissolution of Marriage is entered into by and between Petitioner, Chris Ford and Respondent, Matthew Ford. This Judgment is being entered after the parties reached an agreement with respect to all issues in dispute at the Informal Settlement Conference held on May 2, 2023, before the Honorable Amy Pellman, Judge of the Los Angeles Superior Court.

It is hereby stipulated by and between Petitioner, Chris Ford, and Respondent, Matthew Ford, that the Court enter this Judgment For Dissolution of Marriage. Based upon said Judgment, and for good cause appearing therefor, it is hereby adjudged, ordered and decreed as follows:

**A. Recitals**

1. Petitioner, Chris Ford, and Respondent, Matthew Ford, were married on January 13, 2020 and they separated on November 6, 2021. The length of the marriage was 1 year and 9 months.

2. On November 22, 2021, Petitioner filed a Petition For Dissolution of Marriage and on January 20, 2022, Respondent filed a Response and Request for Dissolution of Marriage

3. The parties have no children.

**B. Settlement of Claims Between the Parties**

1. The Court finds that the parties have adjusted by and between themselves all present and future rights of every kind and nature whether relating to spousal support, community property, quasi-community property, separate property, division of assets and debts, attorney fees and costs, claims for reimbursement and/or credits or any other claims either party may have or claim to have against the other party.

2. The Court finds that except as is otherwise set forth herein, the parties have agreed that the provisions of this Stipulated Judgment For Dissolution of Marriage (hereinafter "Judgment") are in full satisfaction of any known claim either party may have against the other party.

///

///

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

C. **Waiver of Spousal Support**

1. The Court finds and Petitioner and Respondent have acknowledged that they each forever waive and release any and all right to claim or receive spousal support, maintenance or alimony from the other party at any time. The Court further finds that each party has released and discharged the other party from any and all obligations, statutory or otherwise, to provide spousal support, maintenance or alimony to the other. The Court further finds that no spousal support arrearages are owed by either party to the other party. The parties understand that by waiving spousal support, they are forever precluded from requesting spousal support from the other party at any time in the future and that this mutual waiver is not subject to modification. The Court does not retain jurisdiction over the issue of spousal support and the Court does not retain jurisdiction to extend or order any payments of spousal support from either party to the other party.

2. The Court finds that the parties have carefully bargained in this Judgment concerning all issues relating to spousal support, its duration, and whether or not it should be extendable. The termination of spousal support is absolute. This Judgment cuts off forever the right of either one of the parties to ask for spousal support payments, the power of any Court to order spousal support payments, and the right of the other party to receive spousal support payments. No Court has jurisdiction to extend or order any spousal support payments. Petitioner and Respondent have each acknowledged that they have been advised that this section regarding spousal support may work great and unexpected hardship on one or both of the parties, and the parties have considered and acknowledged that possibility in electing to terminate spousal support forthwith.

3. The Court finds that Petitioner has consulted with his legal counsel concerning the meaning and importance of this spousal support waiver and the irrevocable and non-modifiable nature of the spousal support termination provided herein. The Court finds that Petitioner fully understands that no change of circumstances or other event will permit or allow Petitioner to seek spousal support from Respondent at any time.

C.F. (initials)

///

///

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

4. The Court finds that Respondent has consulted with his legal counsel concerning the meaning and importance of this spousal support waiver and the irrevocable and non-modifiable nature of the spousal support termination provided herein. The Court finds that Respondent fully understands that no change of circumstances or other event will permit or allow Respondent to seek spousal support from Petitioner at any time.

DS
M.F.

5. The Court finds that the parties have acknowledged and agreed that they have carefully bargained in this Judgment for the mutual waiver of spousal support and that said waiver is an integral part of their negotiations, and an integral part of the terms and conditions of this Judgment. The Court finds that the parties have acknowledged, each to the other, that they understand that such relinquishment of the right to spousal support is permanent and may not be resurrected for any purpose whatsoever, notwithstanding what their economic or physical condition is now or may be in the future. The parties have knowingly intended to and have hereby permanently waived any right they may have, for spousal support or the equivalent thereto from the other.

6. The Court finds that the parties further acknowledge that they are familiar with the legal import of the case of *In re Marriage of Vomacka* (1984) 36 Cal.3d 459 and those cases that follow its principle. The Court further finds that the provisions here are intended to comply with the requirements of *In re Marriage of Brown* (1995) 35 Cal. App.4th 785, and *In re Marriage of Iberti* (1997) 55 Cal. App.4th 1434, to make clear that no Court shall have the authority to award spousal support to Petitioner or Respondent at any time. Understanding the meaning of these three cases, the parties agree that under no circumstances is any Court in the future able to extend spousal support payments to either party.

C.F. DS
C.F. M.F.

///

///

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

**D. Division of Community Property and Confirmation of Separate Property**

The Court finds that the Parties have agreed upon the award and confirmation of property as set forth in this Stipulated Judgment and accept the same as the division of their property to avoid litigation and further expense and to resolve this matter by settlement. The Parties agree and the Court finds that many of the assets set forth herein have either (1) not been formally appraised by experts retained by the Parties and/or (2) are difficult to value; notwithstanding same, the Parties knowingly, voluntarily, and willingly agree to enter into this Stipulated Judgment.

1. **Property Awarded To Petitioner**

Petitioner is awarded the following property as his sole and separate property and he is ordered to pay any encumbrance thereon and to appear on behalf of, defend, indemnify, and hold Respondent harmless therefrom:

a. The 2019 Tesla Model S (leased), California license plate no. 9DJG819.

b. The 2019 Ural Motorcycle Side Car, California VIN no. X8JMHO377KU229332.

c. The Wells Fargo Bank savings account no. xxx1350.

d. The Wells Fargo Bank checking account no. xxx4857.

e. Any and all other checking, savings, money market, credit union and/or other financial accounts standing in Petitioner's name and all funds on deposit therein.

f. Any and all interest in the business known as ButterLove&HardWork, Inc. also known as BLHW, Inc., including, but not limited to, all assets (equipment, materials, bank accounts, including Wells Fargo Simple Business Checking account no. ending in 3929, accounts receivable, and goodwill) and any and all debts, obligations and liabilities pertaining thereto, including American Express credit card no. ending in 1008.

g. Any and all furniture, furnishings, appliances, clothing, jewelry, personal effects, luxury items, and other personal property currently in Petitioner's possession with the exception of the following six (6) luxury items which are awarded to Respondent: 1) the Louis Vuitton mirror keepall bandouliere, 2) the Louis Vuitton mirror handle soft trunk, 3) the Louis Vuitton clutch box monogram macassar, 4) the Louis Vuitton cheese hat; 5) the Louis Vuitton silver

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

raincoat; and 6) the Louis Vuitton petit malle and the 56 color Polaroid photos of celebrities. Petitioner shall deliver these luxury items and the Polaroid photos to the Salick Family Law Group, APLC no later than 7 days from the date that both parties and both counsel execute this Judgment. The luxury items and Polaroid photos described in this section shall be in good condition at the time of delivery.

2. **<u>Property Awarded To Respondent</u>**

Respondent is awarded the following property as his sole and separate property and he is ordered to pay any encumbrance thereon and to appear on behalf of, defend, indemnify, and hold Petitioner harmless therefrom:

a. Any and all interest in the real property located at 1205 S. Genesee Avenue, Los Angeles, California 90019, including all debts, obligations and liabilities pertaining thereto, legally described as follows:

> The real property in the City of Los Angeles, County of Los Angeles, State of California, described as:
>
> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:
>
> LOT 12, BLOCK F, TRACT 4362, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 48, PAGES 53 TO 54 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5086-017-012

b. The 2011 Toyota Prius, California license plate no. 7KUD303.

c. The 2022 Chevrolet Bolt, California VIN xxx1886.

d. The Wells Fargo Bank checking account no. xxx3135.

e. The T-Mobile checking account no. xxx2209.

f. Any and all other checking, savings, money market, credit union and/or other financial accounts standing in Respondent's name and all funds on deposit therein.

g. Any and all furniture, furnishings, appliances, clothing, jewelry, personal effects, luxury items and other personal property currently in Respondent's possession.

///

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

h. The following items set forth in Paragraph D.1.h. that are currently in Petitioner's possession: 1) the Louis Vuitton mirror keepall bandouliere, 2) the Louis Vuitton mirror handle soft trunk, 3) the Louis Vuitton clutch box monogram macassar, 4) the Louis Vuitton cheese hat; 5) the Louis Vuitton silver raincoat; and 6) the Louis Vuitton petit malle and the 56 color Polaroid photos of celebrities. Petitioner shall deliver the above luxury items and Polaroid photos to the Salick Family Law Group, APLC no later than 7 days from the date that both parties and both counsel execute this Judgment. The luxury items and Polaroid photos described in this section shall be in good condition at the time of delivery.

**E. <u>Debts and Obligations</u>**

1. Petitioner shall assume, pay, defend and hold Respondent harmless from the following credit cards, loans and/or other debts, obligations and/or liabilities:

a. The Wells Fargo Visa account no. xxx0957-2533.

b. Chase credit card account no. xxx3004-8460.

c. Chase credit card account no. xxx5354-9715.

d. The Restoration Hardware credit card account no. xxx9729.

e. Any and all other credit cards and/or any and all other debts, obligations and/or liabilities in Petitioner's name, including all loan(s) from Patricia Ford.

2. Respondent shall assume, pay, defend and hold Petitioner harmless from the following credit cards, loans and/or other debts, obligations and/or liabilities:

a. The Chase credit card account no. xxx6888.

b. The Chase credit card no. xxx9312.

c. The Capital One credit card no. xxx7168.

d. The balance of monthly service charges, if any, and the balance of any charges due for the equipment from Vivint Security Systems for the security system located at 1205 S. Genesee Avenue, Los Angeles, California 90019 from January 3, 2022 to present.

e. Any and all charges by the City of Los Angeles Police Department for responding to false alarms at the residence located at 1205 S. Genesee Avenue, Los Angeles, California 90019, after January 3, 2022.

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

f. Any and all other credit cards and/or any and all other debts, obligations and/or liabilities in Respondent's name.

**F. Equalization Payment**

1. In order to equalize the division of the parties' community property assets and debts including the Paramount Residential Mortgage Group, Inc. loan no. xxx3045 (formerly the Val-Chris Investment loan) and any claims by either party for credits and/or reimbursements either party may have against the other party, Petitioner shall pay to Respondent the sum of $250,000 payable as follows: Petitioner shall pay to Respondent the minimum sum of $2,900 per month commencing on June 15, 2023 and continuing on the 15th day of each month thereafter until the last installment payment made on May 15, 2027, for a total of forty eight (48) months. In the event that any two (2) consecutive installment payments from Petitioner to Respondent are more than five (5) days late, the entire remaining balance shall become immediately due and payable and shall then accrue legal interest at the rate of ten percent (10 %) per annum. When the last installment payment of $2,900 is due on May 15, 2027, Petitioner shall have paid to Respondent the cumulative sum of $250,000 as and for the equalization payment. The parties hereto stipulate and agree that the foregoing division of the parties' assets and debts constitutes an equalization of the parties' assets and debts and any claims by either party for credits and/or reimbursements either party may have against the other party.

2. The equalization payment is being paid pursuant to Internal Revenue Code, Section 1041 and comparable provisions of California law, and is intended to be non-taxable to Petitioner and non-deductible to Respondent.

**G. Encumbrances**

Except as otherwise expressly provided for herein, all other property awarded or confirmed hereunder is awarded or confirmed subject to all existing encumbrances and liens thereon. The party receiving such property shall indemnify and hold the other party free and harmless from any claim or liability that the other party may suffer or may be required to pay on account of such encumbrances or liens assumed by the receiving party and from all costs and expenses related thereto, including, but not limited to, attorneys' fees and court costs incurred in connection therewith.

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

**H. Insurance**

Except as otherwise expressly provided for herein, all existing insurance on property being awarded or confirmed hereunder is assigned to the party receiving such property. All insurance premiums due shall be paid by the party to whom the insurance is assigned, except as otherwise expressly provided for herein.

**I. Warranty Regarding Debts & Obligations**

Except as otherwise specifically provided for herein, the Court finds that each party has warranted to the other that he has not incurred and will not incur any debts, liabilities or obligations as to which the other is, or may be, liable other than the encumbrances and obligations referred to in this Judgment. Except as otherwise specifically provided for herein, any and all such debts, liabilities or obligations incurred by either party and not expressly referred to in this Judgment shall be the obligation of the party incurring such debts, liabilities or obligations, and the incurring party shall release the other from any and all such debts, liabilities and obligations and shall indemnify and hold the other party harmless therefrom. Further, the party incurring any such debts, liabilities or obligations not referred to in this Judgment shall, at his sole expense, defend the other against any claim, action or demand, or threat thereof, brought seeking to hold the other liable thereon, whether or not well founded, and shall hold the other harmless therefrom, together with reasonable attorneys' fees and costs incurred in connection with any defense thereof.

**J. Attorneys' Fees and Costs**

Each party shall pay their own respective attorney fees and costs incurred in connection with the parties' Dissolution of Marriage proceeding, including the preparation of this Judgment for Dissolution of Marriage through the entry of Judgment.

**K. Notice Re Prior Estate Plan Documents**

Each party is aware of California Family Code §2024 advising that parties to a dissolution of Marriage should review their wills, insurance policies, retirement benefit plans, credit cards, credit accounts, credit reports, and other matters that they may wish to change and review all property rights and employment benefits that have survivorship or inheritance factors (including without limitation, life insurance, pension, trusts, jointly held real estate and personal property, and bank

accounts) to ensure that each expresses the present intent of the parties, particularly with respect to life and beneficiary designations.

L. **Tax Returns**

1. **Prior Years Tax Returns:** Except as otherwise provided for herein, if any deficiency (including taxes, interest and/or penalties) is assessed by the Internal Revenue Service or the California Franchise Tax Board or any other State Taxing Authority against the parties with respect to the filing of any joint income tax returns during marriage including calendar years 2019 and 2020, such deficiency and the cost of defending against any such deficiency, including any accounting/attorneys' fees and costs, shall be paid equally by the parties.

2. **2021 Income Tax Returns and Future Income Tax Returns:** The Court further orders that for the calendar year 2021 and for all subsequent years thereafter, the parties shall file separate or single status State and Federal income tax returns and shall indemnify and hold each other harmless from and against any tax liability attributable to the income and expenses reported.

3. **Communication and Notices**: The Court further orders that the parties send to each other, within five (5) business days of receipt, copies of all communications regarding any joint tax returns or declarations of estimated tax, including any tax audit notice or deficiency assessment from any taxing authorities. Each of the parties shall have the right to participate in any audit and to name and pay for separate accountants and/or tax counsel in the event that they are unable to agree on a joint representative regarding any jointly filed tax return. The parties are also ordered to cooperate fully with each other, to execute any documents reasonably requested, and to furnish information and testimony to any taxing authority.

M. **Tax Basis**

1. The Court finds that the parties agree that under Internal Revenue Code Section 1041, or the tax principles regarding interspousal division of community property, the allocation of property between the parties under this Judgment is not taxable, and the tax basis of each asset allocated under these provisions has not changed, and will not change, by reason of this division.

2. Each party is ordered not to seek a new tax basis for any asset grounded on any such change even though the transaction may otherwise appear to be a bona fide sale.

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

N. **Waivers and Releases**

Except as specifically set forth hereinabove, the Court finds that all claims the parties may have against each other, if any, and whensoever created or for whatever purpose incurred, are waived by the parties, and the parties waive, release, relinquish, and forbear from pursuing any and all claims for reimbursement and/or credits, regardless of the nature or kind, including but not limited to the following:

1. Claims for any settlement and/or equalizing payment from Petitioner to Respondent or from Respondent to Petitioner for the division of community property, except as specifically set forth herein.

2. Claims against either party for reimbursement for unauthorized gifts of community property or unauthorized transfers of community property for less than adequate consideration or for less than fair and reasonable value, or for any other breach of fiduciary duty or confidential relationship between the parties.

3. Claims against either party for reimbursement to the community property estate for the improvement or investment of community property assets or separate property assets.

4. Any and all other reimbursement rights, advancements or claims that Petitioner or Respondent may have even though not specifically set forth herein, including but not limited to any and all claims for retroactive spousal support, temporary or permanent, claims for advancements, or claims that Petitioner or Respondent may have against one another, although not specifically identified herein.

5. The identification of specific categories shall not limit the generality of the release and waiver provisions as set forth herein with respect to claims for reimbursements and/or credits.

O. **Credits and/or Reimbursements**

The parties have waived any and all claims for reimbursement and/or credits either party may have against the other party, including but not limited to each of the following:

1. Epstein credits (In re Marriage of Epstein (1979) 24 Cal.3d 76) and all rights to reimbursement to which a Party may be entitled to as a result of the payment of community obligations since November 6, 2021, the date of separation of the parties.

2. Watts charges (In re Marriage of Watts (1985) 171 Cal.App.3d 366) and all rights to reimbursement to which a Party may be entitled to as a result of one Party's use of community assets since November 6, 2021, the date of separation of the parties

3. Jeffries claims (In re Marriage of Jeffries (1991) 228 CA3d 548) and all rights to request a credit for mortgage payments made during separation and charges for reasonable rental value of the residence during separation.

4. Reimbursement of separate property contributions to property acquisitions, per Family Code Section 2640.

**P. After Discovered Property**

1. Petitioner and Respondent warrant, one to the other, that neither of them knows or has any information of any property of any kind or description, of the parties, or either of the parties, except that which is set forth in this Judgment. Respondent warrants to Petitioner and Petitioner warrants to Respondent that warrantor has not concealed, withheld, or made, without the knowledge or consent of the other, any gift, transfer, conveyance, or assignment of any property, not specifically disclosed to the other herein.

2. No waiver or release approved by or made an order of the Court, shall prevent a party from asserting a claim to his interest in any undisclosed or undivided community or quasi-community property.

3. All community property or quasi-community property discovered after the date of entry of Judgment or otherwise omitted in this Judgment shall be determined and divided pursuant to Family Code Sections 721, 1100, 1101, 2100, 2113, and 2120-2129, inclusive.

4. The Court reserves jurisdiction to make disposition of any and all after-discovered and/or undistributed community and/or quasi-community property not otherwise disposed of by this Judgment.

///

///

///

///

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

Q. **Additional Documents**

Each party shall, at any time or times hereafter, do any and all acts and make, execute, and deliver any and all documents and instruments, including quitclaim or other deeds, as the other party shall reasonably require for the purpose of evidencing this Judgment or effectuating its purpose and intent. If either party fails or refuses to execute any document necessary to effectuate the terms of this Judgment, within forty-eight (48) hours after request by the other party, on ex-parte application to the Superior Court (with 24-hour telephonic notice of application to the other party), the Clerk of said Court shall be appointed to execute the documents on behalf of the defaulting party.

R. **No Tax Advice by Counsel**

The parties acknowledge that there may be certain tax consequences arising from the parties entering into this Judgment, that no attorney has furnished any tax advice with respect to this Judgment, that each party has been advised to obtain independent tax advice from tax attorneys and/or qualified accountants prior to signing this Judgment, and that they have had ample opportunity to do so and have either received sufficient advice and information to their complete satisfaction or have otherwise declined to do so.

S. **Stipulated Findings**

The Court finds:

**Final Settlement:** It is the Parties' mutual desire and wish to immediately effect by this Judgment a full, complete, and final settlement of all of their respective present and future property interests, including spousal support, and to irrevocably adjust and determine forever all legal obligations of any nature which may exist with respect to each other and by the reason of their Marriage, and to fully and completely resolve any and all issues related to their Marriage.

T. **Legal Representation**

1. The Court finds that Petitioner has retained and is represented by the Law Offices of Stephen N. Shapiro, by Stephen N. Shapiro, Esq.; that Petitioner has read this Stipulated Judgment for Dissolution of Marriage and has had ample opportunity to seek legal advice as to the contents of this Judgment; that he has had its contents fully explained to him by his counsel; that he is fully aware of and understands its terms, contents, legal effects, and consequences; and that he has agreed

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

to its terms and contents and entered into this Judgment knowingly, voluntarily, and free from duress, fraud, undue influence, coercion or misrepresentation of any kind.

C.F.

2. The Court finds that Respondent has retained and is represented by the Salick Family Law Group, APLC, by Nicholas A. Salick, Esq.; that Respondent has read this Stipulated Judgment for Dissolution of Marriage and has had ample opportunity to seek legal advice as to the contents of this Judgment; that he has had its contents fully explained to him by his counsel; that he is fully aware of and understands its terms, contents, legal effects, and consequences; and that he has agreed to its terms and contents and entered into this Judgment knowingly, voluntarily, and free from duress, fraud, undue influence, coercion or misrepresentation of any kind.

DS

M.F.

3. The Court finds that the parties acknowledge and agree that they have read this Stipulated Judgment and fully understand the contents of this document and its provisions and ramifications.

U. <u>Discovery</u>

1. Petitioner has acknowledged and agreed that he has had full and fair opportunity to utilize formal discovery procedures and the services of forensic accountants, appraisers, and other experts to inquire into the assets, liabilities and contentions of Respondent. Petitioner has acknowledged that he has done as much investigation as he has desired or deemed prudent with regards to the existence of assets, liabilities, the character of assets and the value of assets. Petitioner has entered into this Judgment with the knowledge that he had the right to undertake further formal discovery and he specifically, as his own voluntary act, waived that right to further formal discovery. Petitioner has acknowledged that he is satisfied with the information he has obtained from Respondent and that he does not desire, nor has he requested, any further discovery or documents from Respondent. Respondent has not promised or threatened anything to persuade or dissuade Petitioner from inquiry or investigation. Petitioner waives his right to engage in any further discovery.

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

2. Respondent has acknowledged and agreed that he has had full and fair opportunity to utilize formal discovery procedures and the services of forensic accountants, appraisers, and other experts to inquire into the assets, liabilities and contentions of Petitioner. Respondent has acknowledged that he has done as much investigation as he has desired or deemed prudent with regards to the existence of assets, liabilities, the character of assets and the value of assets. Respondent has entered into this Judgment with the knowledge that he had the right to undertake further formal discovery and he specifically, as his own voluntary act, waived that right to further formal discovery. Respondent has acknowledged that he is satisfied with the information he has obtained from Petitioner and that he does not desire, nor has he requested, any further discovery or documents from Petitioner. Petitioner has not promised or threatened anything to persuade or dissuade Respondent from inquiry or investigation. Respondent waives his right to engage in any further discovery.

3. Petitioner and Respondent each represent and warrant to the other that he is not aware of any material obligations of Petitioner or Respondent incurred prior to the date of their separation, other than the obligations described in this Judgment.

4. The Court finds that upon the execution of this Judgment, each party is deemed notified and aware that even though an obligation is to be assigned to or assumed by one party as part of the award and confirmation of property, in the event that such party defaults on the contract or obligation, the creditor may have a cause of action against the other party.

5. Petitioner and Respondent each represent and warrant that the preliminary and final Declarations of Disclosure have been completed and exchanged.

**V. <u>Acknowledgments</u>**

1. The Court finds that each of the parties has represented that each has carefully read each of the provisions of this Judgment, is fully aware of the content and legal effect of this Judgment, and fully and completely understands each of the provisions of this Judgment.

///

///

///

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

2. The Court finds that each of the parties has represented that he has entered into this settlement of this action voluntarily and free of any duress, undue influence, or presently known or suspected fraud and that both parties are competent to enter into this Judgment.

3. The Court finds that Petitioner acknowledges (a) that Respondent has obtained no advantage over him as a result of the agreement that forms the basis for this Judgment, (b) that there is sufficient consideration for Petitioner's entry into this agreement that forms the basis of this Judgment, and (c) that Petitioner was not under any undue influence in entering into this Judgment.

4. The Court further finds that Respondent acknowledges (a) that Petitioner has obtained no advantage over him as a result of the agreement that forms the basis for this Judgment, (b) that there is sufficient consideration for Respondent's entry into this agreement that forms the basis of this Judgment, and (c) that Respondent was not under any undue influence in entering into this Judgment.

5. The Court further finds that each party further acknowledges (a) that all negotiations leading to this Judgment were carried out at arm's length, and (b) that each party recognizes that his interests were adverse during such negotiations.

**W. Jurisdiction And Waivers**

1. The Superior Court of California, County of Los Angeles, retains jurisdiction over the parties and their property in their Dissolution of Marriage proceeding to settle any disputes arising from or to interpret this Judgment, to dispose of any after-discovered property and to make any further orders necessary to enforce the provisions of this Judgment.

2. The Court finds that the parties have waived findings of fact and conclusions of law (or alternatively, a Statement of Decision), the right to move for a new trial and the right to appeal.

3. The parties may not alter, amend or modify this Judgment except by an instrument in writing executed by both Parties.

///

///

///

///

DocuSign Envelope ID: E5A8A318-1CF6-411C-A809-8707A087FA29

**X. Execution of Judgment**

This Stipulated Judgment may be executed by facsimile signature or an electronic signature and in any number of counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same agreement.

APPROVED AS CONFORMING TO THE AGREEMENT OF THE PARTIES:

Dated: 9/6, 2023

CHRIS FORD, PETITIONER

Dated: 9/6/2023, 2023

DocuSigned by:

MATTHEW FORD, RESPONDENT

APPROVED AS TO FORM ONLY:

THE LAW OFFICES OF STEPHEN N. SHAPIRO

Dated: 9/6, 2023

By: Stephen N. Shapiro
STEPHEN N. SHAPIRO, ESQ.
ATTORNEY FOR PETITIONER,
CHRIS FORD

SALICK FAMILY LAW GROUP, APLC

Dated: 9/5/2023, 2023

By: DocuSigned by: Nicholas A. Salick
NICHOLAS A. SALICK, ESQ.
ATTORNEY FOR RESPONDENT,
MATTHEW FORD

IT IS SO ORDERED:

Dated: 09/09/2023

Jeffrey W. Korn
Jeffrey W. Korn
COMMISSIONER

JUDGE OF THE SUPERIOR COURT

C:\files\Judgment\Ford.wpd

# EXHIBIT “2”

# MATTHEW PAYMENT EVIDENCE PACKET

Highlighted bank-statement pages - chronological evidence set

## Purpose

A single consolidated PDF containing one highlighted source page for each identified $2,900 payment. The pages are arranged from June 2023 through January 2026 and preserve the original statement page beneath the highlight.

| | |
|---|---|
| **27 full-name wires** | |
| **4 Zelle payments labeled Matthew** | **$11,600.00** |
| **1 check with payee not displayed** | **$2,900.00** |

### Potential combined total

32 identified payments at $2,900 each

## Evidence qualifications

Full-name wires: the statement page displays "Matthew E Peridis" as beneficiary.
Zelle rows: the statement page displays only "Matthew"; the surname is not shown.
Check 1157: the statement page displays the check number and $2,900 amount, but not the payee. The June 15 date and Matthew attribution were supplied separately by the client.

Prepared from statement copies supplied by the client on August 6, 2026. This compilation does not authenticate the underlying statements.

# TRANSACTION INDEX 1

Chronological list of evidence pages

| No. | Date | Method | Recipient shown | Account | Reference | Status |
|---|---|---|---|---|---|---|
| 1 p.4 | 2023-06-15 | Check | Payee not displayed | BLHW ending 3929 | Check 1157 | Attributed to Matthew; payee not shown |
| 2 p.5 | 2023-07-19 | Wire | Matthew E Peridis | BLHW ending 3929 | 230719147562 | Verified full name |
| 3 p.6 | 2023-08-29 | Wire | Matthew E Peridis | Savings ending 1350 | 230829116344 | Verified full name |
| 4 p.7 | 2023-09-18 | Wire | Matthew E Peridis | Savings ending 1350 | 230918023028 | Verified full name |
| 5 p.8 | 2023-10-17 | Wire | Matthew E Peridis | BLHW ending 3929 | 231017081237 | Verified full name |
| 6 p.9 | 2023-11-20 | Wire | Matthew E Peridis | BLHW ending 3929 | 231120032066 | Verified full name |
| 7 p.10 | 2023-12-15 | Wire | Matthew E Peridis | BLHW ending 3929 | 231215131249 | Verified full name |
| 8 p.11 | 2024-01-19 | Wire | Matthew E Peridis | BLHW ending 3929 | 240119023213 | Verified full name |
| 9 p.12 | 2024-02-21 | Wire | Matthew E Peridis | BLHW ending 3929 | 240221125469 | Verified full name |
| 10 p.13 | 2024-03-26 | Wire | Matthew E Peridis | BLHW ending 3929 | 240326020273 | Verified full name |
| 11 p.14 | 2024-04-03 | Wire | Matthew E Peridis | Personal ending 4857 | 240403081359 | Verified full name |
| 12 p.15 | 2024-05-20 | Wire | Matthew E Peridis | Savings ending 1350 | 240520032319 | Verified full name |
| 13 p.16 | 2024-06-18 | Wire | Matthew E Peridis | Personal ending 4857 | 240618140192 | Verified full name |
| 14 p.17 | 2024-07-15 | Wire | Matthew E Peridis | Savings ending 1350 | 240715140324 | Verified full name |
| 15 p.18 | 2024-08-22 | Wire | Matthew E Peridis | Personal ending 4857 | 240822021350 | Verified full name |
| 16 p.19 | 2024-09-16 | Wire | Matthew E Peridis | Savings ending 1350 | 240916080387 | Verified full name |

Yellow-tinted rows are identity-qualified Zelle or check entries. All amounts are $2,900.00.

# TRANSACTION INDEX 2

Chronological list of evidence pages

| No. | Date | Method | Recipient shown | Account | Reference | Status |
|---|---|---|---|---|---|---|
| 17 p.20 | 2024-10-17 | Wire | Matthew E Peridis | Savings ending 1350 | 241017022535 | Verified full name |
| 18 p.21 | 2024-11-18 | Wire | Matthew E Peridis | BLHW ending 3929 | 241118155904 | Verified full name |
| 19 p.22 | 2024-12-16 | Wire | Matthew E Peridis | BLHW ending 3929 | 241216192561 | Verified full name |
| 20 p.23 | 2025-01-21 | Wire | Matthew E Peridis | Savings ending 1350 | 250121087398 | Verified full name |
| 21 p.24 | 2025-02-21 | Wire | Matthew E Peridis | Personal ending 4857 | 250221040813 | Verified full name |
| 22 p.25 | 2025-03-17 | Wire | Matthew E Peridis | Savings ending 1350 | 250317190451 | Verified full name |
| 23 p.26 | 2025-04-21 | Wire | Matthew E Peridis | Personal ending 4857 | 250421160665 | Verified full name |
| 24 p.27 | 2025-05-19 | Wire | Matthew E Peridis | Savings ending 1350 | 250519169669 | Verified full name |
| 25 p.28 | 2025-06-20 | Wire | Matthew E Peridis | BLHW ending 3929 | 250620158833 | Verified full name |
| 26 p.29 | 2025-07-21 | Wire | Matthew E Peridis | BLHW ending 3929 | 250721048653 | Verified full name |
| 27 p.30 | 2025-08-18 | Wire | Matthew E Peridis | Personal ending 4857 | 250818030762 | Verified full name |
| 28 p.31 | 2025-09-22 | Wire | Matthew E Peridis | BLHW ending 3929 | 250922089895 | Verified full name |
| 29 p.32 | 2025-11-20 | Zelle | Matthew | BLHW ending 3929 | Wfct0Zhy2Krt | Surname not shown |
| 30 p.33 | 2025-11-25 | Zelle | Matthew | BLHW ending 3929 | Wfct0Zjf49C2 | Surname not shown |
| 31 p.34 | 2025-12-17 | Zelle | Matthew | BLHW ending 3929 | Wfct0Zlshbs3 | Surname not shown |
| 32 p.35 | 2026-01-21 | Zelle | Matthew | BLHW ending 3929 | Wfct0Zqbcxfn | Surname not shown |

Yellow-tinted rows are identity-qualified Zelle or check entries. All amounts are $2,900.00.

**EVIDENCE 31 OF 32 | 2023-06-15 | Check | $2,900.00**

Payee not displayed | Attributed to Matthew; payee not shown



WELLS FARGO

***Transaction history(continued)***

| | | | | |
|---|---|---|---|---|
| 6/21 | 1157 | Check | 2,900.00 | -496.17 |

Source: CH227084759819.1B.pdf, PDF p.155 | BLHW INC business ending 3929 | Reference: Check 1157 | Posted 2023-06-21

WELLS FARGO

***Transaction history (continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits |
|---|---|---|---|---|
| 7/19 | | WT Seq147562 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00003436575806 Trn#230719147562 Rfb# Ow00003436575806 | | 2,900.00 |
| 7/19 | | Chase | | |

WELLS FARGO

## My Savings Plan[SM]

| | |
|---|---|
| Goal | Other |
| Target amount | $4,000.00 |
| Current balance | $96.55 |
| Target date | 10/1/2015 |
| Progress | 2% |

*Reach your savings goals faster with automatic transfers from your other Wells Fargo accounts into your savings accounts and watch your savings grow.*

## Transaction history

Trn#230829116344 Rfb# Ow00003571114749

| | | | | |
|---|---|---|---|---|
| 8/29 | WT Seq116344 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00003571114749 Trn#230829116344 Rfb# Ow00003571114749 | | 2,900.00 | |
| **Totals** | | **$4,028.94** | **$5,402.67** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

**Monthly service fee summary**

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

WELLS FARGO

## My Savings Plan[SM]

| | |
|---|---|
| Goal | Other |
| Target amount | $4,000.00 |
| Current balance | $684.79 |
| Target date | 10/1/2015 |
| Progress | 17% |

*Reach your savings goals faster with automatic transfers from your other Wells Fargo accounts into your savings accounts and watch your savings grow.*

## Transaction history

| | | *Deposits/* | *Withdrawals/* | *Ending daily* |
|---|---|---|---|---|
| | Trn#230918023028 Rfb# Ow00003631031003 | | | |
| 9/18 | Zelle to Slezak Evan on 09/17 Ref #Rp0Rkr89Rs | | 90.00 | |
| 9/18 | WT Seq#23028 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00003631031003 Trn#230918023028 Rfb# Ow00003631031003 | | 2,900.00 | 108.72 |
| 9/19 | Save As You Go Transfer Credit From Xxxxxxxxxxx4857 | 5.00 | | 113.72 |
| 9/20 | Save As You Go Transfer Credit From Xxxxxxxxxxx4857 | 1.00 | | |

Case 2[illegible]-bk-1[illegible] Doc [illegible] Filed [illegible]/26 Entered 08/25/26 16:35:30 Desc
Main Document Page 43 of 71



WELLS FARGO

***Transaction history(continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 10/17 | | Purchase authorized on 10/16 Facebk Cl6Tcufqe2 650-5434800 CA S463289790769522 Card 6321 | | 250.00 | |
| 10/17 | | WT Seq#81237 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00003740073977 Trn#231017081237 Rfb# Ow00003740073977 | | 2,900.00 | |

WELLS FARGO

***Transaction history(continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 11/20 | | WT Seq#32066 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00003854204110 Trn#231120032066 Rfb# Ow00003854204110 | | 2,900.00 | 7,441.84 |
| 11/21 | | Mobile Deposit : Ref Number :812210347384 | 4,000.00 | | |

WELLS FARGO

***Transaction history(continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 12/15 | | WT Seq131249 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00003945642820 Trn#231215131249 Rfb# Ow00003945642820 | | 2,900.00 | 38,713.76 |
| | | B - West 3rd Los Angeles CA S383350847793331 Card 6321 | | 10.62 | |

WELLS FARGO

***Transaction history (continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 1/19 | | WT Seq#23213 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00004062515505 Trn#240119023213 Rfb# Ow00004062515505 | | 2,900.00 | |
| 1/19 | | Purchase authorized on 01/19 Ralphs #0 260 S. LA Br Los Angeles CA P000000684937827 Card 6321 | | 94.18 | |

WELLS FARGO

***Transaction history (continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| | | | | 25.00 | |
| | | 240221125469 Rfb# Ow00004179394254 | | | |
| 2/21 | | WT Seq125469 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00004179394254 Trn#240221125469 Rfb# Ow00004179394254 | | 2,900.00 | 9,637.00 |
| 2/22 | | Recurring Payment authorized on 02/20 Onlyfans.Com*A 8886880458 FL S464052160932236 Card 6321 | | 9.95 | |

WELLS FARGO

***Transaction history (continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| | | 855-973-1040 CA S384085689782645 Card 9498 | | 42.19 | |
| 3/26 | | WT Seq#20273 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00004295759552 Trn#240326020273 Rfb# Ow00004295759552 | | 2,900.00 | |
| 3/26 | | Purchase authorized on 03/26 Ralphs #0 950 N. LA Br Inglewood CA P000000077491329 Card 9498 | | 87.60 | 1,422.29 |

WELLS FARGO

*Transaction history(continued)*

| | Check | | Deposits/ | Withdrawals/ | Ending daily balance |
|---|---|---|---|---|---|
| | | WWW.Doordash. CA S464093719713527 Card 5374 | | | |
| 4/3 | | WT Seq#81359 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00004326045659 Trn#240403081359 Rfb# Ow00004326045659 | | 2,900.00 | |
| 4/3 | | WT Seq#81259 211 West Beach, LLC /Bnf=211 West Beaach LLC Srf# Ow00004326044115 Trn#240403081259 Rfb# Ow00004326044115 | | 7,965.50 | |

**EVIDENCE 12 OF 32 | 2024-05-20 | Wire | $2,900.00**

Matthew E Peridis | Verified full name



WELLS FARGO

## Transaction history

| Date | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|---|---|---|---|---|
| 5/2 | Save As You Go Transfer Credit From Xxxxxxxxxxx4857 | 4.00 | | 5,111.76 |
| 5/20 | WT Seq#32319 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00004496194331 Trn#240520032319 Rfb# Ow00004496194331 | | 2,900.00 | 5,728.30 |
| **Ending balance on 5/31** | | | | **278.37** |
| **Totals** | | **$9,732.75** | **$14,562.14** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

### Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 05/01/2024 - 05/31/2024 | Standard monthly service fee $5.00 | You paid $0.00 |
|---|---|---|
| **How to avoid the monthly service fee**<br>Have any **ONE** of the following each fee period | Minimum required | This fee period |

WELLS FARGO

***Transaction history (continued)***

| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|---|---|---|---|---|---|
| | | xxxxxxxxx6443 Ref #Ib0Nl8M6Hs on 06/18/24 | | | |
| 6/18 | | WT Seq140192 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00004615748994 Trn#240618140192 Rfb# Ow00004615748994 | | 2,900.00 | |
| 6/18 | | Purchase authorized on 06/18 Cvs/Pharmacy #09 09781–5 Los Angeles CA P584170774152254 Card 5374 | | 19.73 | |
| | | | | | 5.38 |

WELLS FARGO

## Transaction history

| Date | Description | Deposits/ | Withdrawals/ | Ending daily |
|---|---|---|---|---|
| | Ow00004716480965 Trn#240715140324 Rfb# Ow00004716480965 | | | |
| 7/15 | WT Seq140324 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00004716480965 Trn#240715140324 Rfb# Ow00004716480965 | | 2,900.00 | 95.67 |
| **Totals** | | **$3,129.20** | **$3,745.67** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 07/01/2024 - 07/31/2024 | Standard monthly service fee $5.00 | You paid $0.00 | |
|---|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period | |
| Have any **ONE** of the following each fee period | | | |
| • Minimum daily balance | $300.00 | -$60.00 | ☐ |
| • A daily automatic transfer from a Wells Fargo checking account | $1.00 | $0.00 | ☐ |
| • Save As You Go® transfer from a Wells Fargo checking account | $1.00 | $96.00 | √ |
| • A monthly automatic transfer from a Wells Fargo checking account | $25.00 | $0.00 | ☐ |

WELLS FARGO

***Transaction history (continued)***

| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|---|---|---|---|---|---|
| 8/22 | | WT Seq#21350 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00004845272625 Trn#240822021350 Rfb# Ow00004845272625 | | 2,900.00 | |
| **Ending balance on 8/23** | | | | | **834.35** |
| **Totals** | | | **$7,127.11** | **$7,587.90** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

**Summary of Overdraft Fees**

| | *Total this statement period* | *Total year-to-date* |
|---|---|---|
| Total Overdraft Fees | $0.00 | $70.00 |

*Year-to-date totals reflect fees assessed or reversed since the first full statement period of the calendar year. Negative values indicate that fee reversals exceed fees assessed.*

WELLS FARGO

## Interest summary

| | |
|---|---|
| Interest paid this statement | $0.01 |
| Average collected balance | $832.94 |
| Annual percentage yield earned | 0.00% |
| Interest earned this statement period | $0.00 |
| Interest paid this year | $0.33 |

## My Savings Plan SM

| | |
|---|---|
| Goal | Other |
| Target amount | $4,000.00 |
| Current balance | $0.01 |
| Target date | 10/1/2015 |
| Progress | 0% |

*Reach your savings goals faster with automatic transfers from your other Wells Fargo accounts into your savings accounts and watch your savings grow.*

## Transaction history

Ow00004928439921 Trn#240916080387 Rfb# Ow00004928439921

| | | | |
|---|---|---|---|
| 9/16 | WT Seq#80387 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00004928439921 Trn#240916080387 Rfb# Ow00004928439921 | 2,900.00 | 1,487.75 |

| | | |
|---|---|---|
| **Totals** | **$4,422.61** | **$4,531.75** |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

WELLS FARGO

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 10/1 | $0.01 |
| Deposits/Additions | 6,631.63 |
| Withdrawals/Subtractions | - 6,199.51 |
| **Ending balance on 10/31** | **$432.13** |

Account number: **3000118021350**
**CHRISTOPHER S FORD**
*NEW York account terms and conditions apply*
For Direct Deposit use
Routing Number (RTN): 026012881

## Interest summary

| | |
|---|---|
| Interest paid this statement | $0.01 |
| Average collected balance | $1,060.63 |
| Annual percentage yield earned | 0.01% |
| Interest earned this statement period | $0.01 |
| Interest paid this year | $0.34 |

## My Savings Plan SM

| | |
|---|---|
| Goal | Other |
| Target amount | $4,000.00 |
| Current balance | $432.13 |
| Target date | 10/1/2015 |
| Progress | 11% |

*Reach your savings goals faster with automatic transfers from your other Wells Fargo accounts into your savings accounts and watch your savings grow.*

## Transaction history

| Date | Description | *Deposits/* | *Withdrawals/* | *Ending daily* |
|---|---|---|---|---|
| 10/17 | Zelle to Silba Lynn on 10/16 Ref #Rp0Y58Ngtp | | 700.00 | |
| 10/17 | Zelle to Tansavatdi Chandler on 10/16 Ref #Rp0Y58NH7x | | 316.00 | |
| 10/17 | WT Seq#22535 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005025930724 Trn#241017022535 Rfb# Ow00005025930724 | | 2,900.00 | 2,529.69 |
| 10/18 | Overdraft Protection Xfer to Checking | | 25.00 | 2,504.69 |

WELLS FARGO

***Transaction history (continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| | | Ref #Ib0Q9Smbph on 11/18/24 | | | |
| 11/18 | | Zelle to 4 Seasons Flowers on 11/18 Ref #Rp0Y892Lm4 | | 48.00 | |
| 11/18 | | Zelle to Fantasy Factory on 11/18 Ref #Rp0Y898Fzr | | 1,800.00 | |
| 11/18 | | WT Seq155904 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005125475652 Trn#241118155904 Rfb# Ow00005125475652 | | 2,900.00 | 4,455.07 |
| 11/19 | | Money Transfer authorized on 11/19 From Stripe CA S464325038694283 Card 9498 | 4,782.96 | | |

WELLS FARGO

***Transaction history(continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| | | Mex S584350827226573 Card 2373 | | | |
| 12/16 | | International Purchase Transaction Fee | | 0.75 | |
| 12/16 | | Zelle to Gonyea Michelle on 12/16 Ref #Pp0Ybxclvs | | 693.00 | |
| 12/16 | | WT Seq192561 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005212410653 Trn#241216192561 Rfb# Ow00005212410653 | | 2,900.00 | |

WELLS FARGO

## Interest summary

| | |
|---|---|
| Interest paid this statement | $0.01 |
| Average collected balance | $1,124.49 |
| Annual percentage yield earned | 0.01% |
| Interest earned this statement period | $0.01 |
| Interest paid this year | $0.01 |
| Total interest paid in 2024 | $0.34 |

## My Savings Plan SM

| | |
|---|---|
| Goal | Other |
| Target amount | $4,000.00 |
| Current balance | $267.36 |
| Target date | 10/1/2015 |
| Progress | 7% |

*Reach your savings goals faster with automatic transfers from your other Wells Fargo accounts into your savings accounts and watch your savings grow.*

## Transaction history

| Date | Description | Deposits/ Additions | Withdrawals/Subtractions | Ending daily balance |
|---|---|---|---|---|
| 1/21 | WT Seq#87398 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005315768545 Trn#250121087398 Rfb# Ow00005315768545 | | 2,900.00 | 206.35 |
| | | 0.01 | | 267.36 |
| **Totals** | | **$2,362.26** | **$3,165.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

WELLS FARGO

***Transaction History (continued)***

| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|---|---|---|---|---|---|
| | | CA S305051837484175 Card 7572 | | | |
| 2/21 | | WT Seq#40813 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005411488212 Trn#250221040813 Rfb# Ow00005411488212 | | 2,900.00 | |

WELLS FARGO

## Interest summary

| | |
|---|---|
| Interest paid this statement | $0.00 |
| Average collected balance | $485.58 |
| Annual percentage yield earned | 0.02% |
| Interest earned this statement period | $0.01 |
| Interest paid this year | $0.02 |
| Total interest paid in 2024 | $0.34 |

## My Savings Plan [SM]

| | |
|---|---|
| Goal | Other |
| Target amount | $4,000.00 |
| Current balance | $174.18 |
| Target date | 10/1/2015 |
| Progress | 4% |

*Reach your savings goals faster with automatic transfers from your other Wells Fargo accounts into your savings accounts and watch your savings grow.*

## Transaction history

| | | *Deposits/* | *Withdrawals/Subtra* | *Ending daily* |
|---|---|---|---|---|
| 3/17 | WT Seq190451 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005492937899 Trn#250317190451 Rfb# Ow00005492937899 | | 2,900.00 | 84.18 |
| 3/18 | Save As You Go Transfer Credit From XXXXXXXXXXX4837 | 8.00 | | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

WELLS FARGO

***Transaction History (continued)***

| | Check | | Deposits/ | Withdrawals/ | Ending daily |
|---|---|---|---|---|---|
| 4/21 | | WT Seq160665 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005605688109 Trn#250421160665 Rfb# Ow00005605688109 | | 2,900.00 | |
| **Totals** | | | **$28,080.63** | **$28,776.92** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## ✓ IMPORTANT ACCOUNT INFORMATION

Effective June 4, 2025, we are updating the following sections of the "Availability of Funds Policy" in our Deposit Account Agreement:

WELLS FARGO

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 5/1 | $4.19 |
| Deposits/Additions | 4,643.71 |
| Withdrawals/Subtractions | - 4,488.05 |
| **Ending balance on 5/31** | **$159.85** |

Account number: **3000118021350 (primary account)**
**CHRISTOPHER S FORD**
*NEW York account terms and conditions apply*
For Direct Deposit use
Routing Number (RTN): 026012881

## Interest summary

| | |
|---|---|
| Interest paid this statement | $0.01 |
| Average collected balance | $616.28 |
| Annual percentage yield earned | 0.00% |
| Interest earned this statement period | $0.00 |
| Interest paid this year | $0.03 |

## My Savings Plan SM

| | |
|---|---|
| Goal | Other |
| Target amount | $4,000.00 |
| Current balance | $159.85 |
| Target date | 10/1/2015 |
| Progress | 4% |

*Reach your savings goals faster with automatic transfers from your other Wells Fargo accounts into your savings accounts and watch your savings grow.*

## Transaction history

| *Date* | *Description* | *Deposits/ Additions* | *Withdrawals/Subtractions* | *Ending daily balance* |
|---|---|---|---|---|
| 5/1 | Save As You Go Transfer Credit From Xxxxxxxxxxx4857 | 3.00 | | 7.19 |
| 5/19 | WT Seq169669 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005699643297 Trn#250519169669 Rfb# Ow00005699643297 | | 2,900.00 | |

WELLS FARGO

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 6/1 | -$179.33 |
| Deposits/Credits | 31,228.75 |
| Withdrawals/Debits | - 29,265.36 |
| **Ending balance on 6/30** | **$1,784.06** |

Account number: **1115443929 (primary account)**
**BLHW INC**
*California account terms and conditions apply*
For Direct Deposit use
Routing Number (RTN): 121042882
For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**
This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| *Date* | *Check Number* | *Description* | *Deposits/ Credits* | *Withdrawals/ Debits* | *Ending daily balance* |
|---|---|---|---|---|---|
| | | Ref #Ib0Strympt on 06/20/25 | | | |
| 6/20 | | WT Seq158833 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005804153961 Trn#250620158833 Rfb# Ow00005804153961 | | 2,900.00 | |
| 6/20 | | Charter Retry Pymt 250619 888-235-4635 Christophe Ford | | 202.48 | 19,624.94 |
| 6/23 | | Zelle to Fantasy Factory on 06/23 Ref #Rp0Yycqlrn | | 6,000.00 | |
| **Totals** | | | **$31,228.75** | **$29,265.36** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

WELLS FARGO

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 7/1 | $1,784.06 |
| Deposits/Credits | 36,176.75 |
| Withdrawals/Debits | - 37,427.13 |
| **Ending balance on 7/31** | **$533.68** |

Account number: **1115443929 (primary account)**

**BLHW INC**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| | | Ow00005905536833 | | | |
| 7/21 | | WT Seq#48653 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005905536833 Trn#250721048653 Rfb# Ow00005905536833 | | 2,900.00 | 2,102.68 |

WELLS FARGO

***Transaction History (continued)***

| *Date* | *Check Number* | *Description* | *Deposits/ Additions* | *Withdrawals/ Subtractions* | *Ending daily balance* |
|---|---|---|---|---|---|
| 8/18 | | WT Seq#30762 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00005995390500 Trn#250818030762 Rfb# Ow00005995390500 | | 2,900.00 | |
| 8/18 | | Save As You Go Transfer Debit to XXXXXXXXXXX1350 | | 18.00 | |

WELLS FARGO

***Transaction History (continued)***

| *Date* | *Check Number* | *Description* | *Deposits/ Credits* | *Withdrawals/ Debits* | *Ending daily balance* |
|---|---|---|---|---|---|
| 9/22 | | WT Seq#89895 Matthew E Peridis /Bnf=Matthew Peridis Srf# Ow00006116093003 Trn#250922089895 Rfb# Ow00006116093003 | | 2,900.00 | 6,999.86 |
| 9/23 | | Bill.Com Acctverify 016Ghmzct3V7314 Blhw Inc | 0.61 | | |

WELLS FARGO

***Transaction History (continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 11/20 | | Zelle to Matthew on 11/20 Ref # Wfct0Zhy2Krt IM Switching to Zelle to Avoid Wire Fees. | | 2,900.00 | 2,847.12 |

WELLS FARGO

***Transaction History (continued)***

| | Check | | Deposits/ | Withdrawals/ | Ending daily |
|---|---|---|---|---|---|
| 11/25 | | Zelle to Matthew on 11/25 Ref # Wfct0Zjf49C2 | | 2,900.00 | 7,932.02 |
| 11/26 | | Toast Dep Nov 25 Nov 26 00275370016Wjmd Blhw Inc | 268.50 | | |

EVIDENCE 31 OF 32 | 2025-12-17 | Zelle | $2,900.00

Matthew | Surname not shown



WELLS FARGO

***Transaction History (continued)***

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 12/17 | | Zelle to Matthew on 12/17 Ref # Wfct0Zlshbs3 | | 2,900.00 | |

WELLS FARGO

***Transaction History (continued)***

| | Check | | Deposits/ | Withdrawals/ | Ending daily balance |
|---|---|---|---|---|---|
| 1/21 | | Zelle to Matthew on 01/20 Ref # Wfct0Zqbcxfn | | 2,900.00 | |
| 1/21 | | WT Fed#01R01 City National Bank /Ftr/Bnf=Chocolates A LA | | 155.00 | |

| In re: **Christopher Scott Ford** Debtor(s). | CHAPTER: **13** CASE NUMBER: **2:26-bk-12720-NB** |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**12100 Wilshire Blvd., 8th Floor**
**Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF MOTION AND MOTION OBJECTING TO CLAIM NO. 12-1 OF MATTHEW PERIDIS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER SCOTT FORD IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **8/25/2026** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Shane Hicks - shicks@zwickerpc.com**
**Kathy A Dockery (TR) - EFiling@LATrustee.com**
**Sanaz Sarah Bereliani - berelianilaw@gmail.com**
**David S Hagen- davidhagenlaw@gmail.com**
**Kurt Ramlo - RamloLegal@gmail.com**
**United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **8/25/2026** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Neil W. Bason**
**United States Bankruptcy Court**
**255 E. Temple Street, Suite 1552**
**Los Angeles, CA 90012**

**Matthew Peridis**
**1205 S. Genesee Avenue**
**Los Angeles, CA 90019**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **August 25, 2026** | **Andrea Gomez** | **/s/ Andrea Gomes** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |