**RAMLO LAW**
Kurt Ramlo (SBN 166856)
15021 Ventura Blvd. #544
Los Angeles, CA 91403
RamloLegal@gmail.com
Telephone: (310) 880-9208

Attorney for Creditor Matthew Peridis

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Christopher Scott Ford,<br><br>Debtor. | Case No. 2:26-bk-12720-NB<br>Hon. Neil Bason<br><br>Chapter 13<br><br>**Opposition to Motion Objecting to Claim No. 12-1 of Matthew Peridis; Declaration of Matthew Peridis**<br><br>Hearing Date: October 15, 2026<br>Hearing Time: 8:30 a.m.<br>Courtroom: 1545 Floor: 15th<br>Via ZoomGov Video<br>Via ZoomGov Telephone |

Creditor Matthew Peridis opposes the Debtor's *Motion Objecting to Claim No. 12-1 of Matthew Peridis* ("**Motion**", DE 32, filed August 25, 2026).

**Introduction**

The Debtor presents five grounds for disallowance of certain portion of the proof of claim filed by Peridis (the "**Proof of Claim**," No. 12-1, filed June 1, 2026).

The Debtor contends that the judgment obligation to make $250,000 in equalization payments had a petition date balance of $157,200 in principal and $86.14 in interest. The Debtor's own papers, however, show that he defaulted in 2024, resulting in 10% interest accrual that left a $198,829.86 as of the petition date.

The Debtor objects to the damages portion of the Proof of Claim as including disallowable

postpetition interest. Those damages, however, include a present value analysis that ends on the petition date and encompasses no postpetition component.

The Debtor argues that the finality of the judgment bars any damages or other non-contractual remedy for the Debtor's breach, repudiation, and destruction of the judgment. The Proof of Claim, however, is based on the judgment and in no way seeks to avoid its effect.

Peridis advised in his claim that he had not received any demands from taxing authorities that would fix a claim for indemnification under the judgment, but the claim should be estimated in the full amount for the purposes of establishing a reserve should the contingent claim become fixed during this case.

Finally, Peridis continued to accrue post-judgment legal expenses and attorneys' fees, which can be awarded under California law. Peridis suggests, however, that this issue be postponed until his expenses and fees cease to accrue.

The Motion should be denied as set forth herein.

**RAMLO LAW**
By: _/s/ Kurt Ramlo_
Attorney for Creditor Matthew Peridis

**Declaration of Matthew Peridis**

I, Matthew Peridis, declare:

1. I am over the age of eighteen years and understand and believe in the obligations of an oath or affirmation.

2. The obligation set forth in my proof of claim is not a contract. It is a court judgment that includes provisions for the division of community property. I assumed a $449,735 loan made to the Debtor in part to compensate the Debtor for his $150,000 community property interest in certain appreciation in the value of my home. To equalize the $299,735 portion of the loan that I assumed in excess of the $150,000 he was entitled to, the Debtor was required to make at give me $250,000. The Debtor proposes not to give me $250,000 in his Chapter 13 plan. The plan would effectively constitute a destruction of and interference with the division of community property set forth in the judgment. As set forth in my proof of claim, those events have damaged or will damage me in the amount of the $299,735 obligation imposed on me by the judgment.

3. If the Court disallowed my damages claim, the equalization portion of the proof of claim should nevertheless be determined on the basis of its original $250,000 amount, as set forth in Section B of the Motion. (Mot. at 8:4-15.)

4. Upon reviewing the Motion, I wish to revise my proof of claim based on the Debtor's bank records attached as Exhibit 2. Those records reflect that the Debtor failed to make payments within five days of the 15th of the month due date on two consecutive months on two earlier occasions than the occasions set forth in my proof of claim. Exhibit 2 shows that the Debtor made payments five days late on February 21, 2024 and March 26, 2024 (Mot Ex. 2 at 36) and on January 21, 2025 and February 21, 2025 (Mot. Ex. 2 at 38).

5. My original proof of claim was based on the consecutive late payments that occurred as of January 21, 2026 (Mot. Ex. 2 at 38) and February 21, 2026 (payment never made). The Debtor's records, however, demonstrate that the obligation automatically began accruing interest at 10% per annum as of March 21, 2024, or no later than January 21, 2025 or February 21, 2026. (Mot. Ex. 1 at 25 (judgment at 7:10-13).)

6. The default occurring on March 21, 2024 resulted in a balance of $221,000, after 10 payments of $2,900 in the aggregate amount of $29,000.

7. The 22 payments made between March 21, 2024 and January 21, 2026 at a 10% annual interest rate resulted in a balance of $195,561.57 as of January 21, 2026. The 22 payments in the aggregate amount of $63,800.00 are applied to interest in the amount of $37,842.16 and principal in the amount of $25,957.84.

8. The 61 days of interest accrual between January 21, 2026 and the petition date of March 23, 2026 equals $3,268.29.

9. The balance of the $250,000 division of property amount as of the petition date was therefore $198,829.86.

10. The situation remains the case that I have not received any demand for payment of the Debtor's tax obligations relating to his 2021 returns. I request, however, that any distributions on account of the amount of the contingent claim, $122,620.36, be estimated based on that amount for the purpose of establishing a reserve for possible future distributions on that portion of the my proof of claim, until I am certain that I am no longer at risk of being held liable for such a claim.

11. I have incurred fees and expenses of more than $25,000 to identify, analyze, negotiate, monitor, protect, and enforce my rights under the marital property division judgment. Those fees and expenses continue. It is my understanding that the lack of any provision in the martial property division judgment addressing post-judgment legal expenses and attorneys' fees, the judgment does not bar recovery of those expenses and fees and California law gives the court the discretion to award me those fees based on the failure of the Debtor to abide by the marital property division judgment. I request that the issue of the Debtor's liability for those fees and expenses be postponed until the accrual of fees and expenses has ceased.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 1, 2026, in the City of Los Angeles, California.

Matthew Peridis

**Authorities**

**1. The Petition Date Balance of the $250,000 Equalization Portion of the Judgment Is $198,829.86.**

The judgment required the Debtor to pay Peridis $250,000 over four years in monthly payments due on the 15th, and if he made two consecutive payments more than five days late, the entire balance came due, and interest began to accrue at 10% per annum. (Mot. Ex. 1 at 25 (judgment at 7:10-13); Peridis Decl. ¶¶ 4-5.) The Debtor's payments for February and March 2024 were more than five days late. (Mot Ex. 2 at 36.) The Motion's assertion that the "Debtor timely made very monthly installment from the first payment on June 15, 2023 through the payment due Jan7uary 15, 2026" is contradicted by the Debtor's bank statements attached as Exhibit 2 to the Motion.

As a result, the default occurred on March 21, 2024, when the balance was $221,000. (Peridis Decl. ¶¶ 6.) After 22 payments made from March 21, 2024 to January, 2026, the balance was $195,561.57. An additional $3,268.29 of interest accrued by the March 23, 2026 petition date. (Peridis Decl. ¶¶ 7-9.)

Peridis did not include all of this interest in his proof of claim, but he intends to amend the claim which clearly relates back to the timely filing of the claim, does not assert any new claim, and cures a defect in an existing claim. *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816-17 (9th Cir. 1985).

**2. The Claim Does Not Include Postpetition or Unmatured Interest.**

In determining the amount of the damages that Peridis suffered, he calculated the petition date value of the Debtor's business loan that he took off the Debtor's hands by assuming it in 2023 by applying a 10% discount rate up to but not beyond the petition date. No part of this damages calculation constitute postpetition or unmatured interest.

**3. The Claim Does Not Seek to Alter or Avoid the Effect of the Judgment.**

Peridis has been or will be harmed by the Debtor's failure to implement the marital property division through this bankruptcy case. The damages Peridis seeks are not barred by the judgment, under res judicata or any other doctrine. The judgment forms the basis of the damages claim. *See In re Ballard*, No. 09-52809, 2011 WL 2133529, at *3 (Bankr. E.D. Ky. May 25, 2011)

("The Debtor's failure to comply with the terms of the Property Settlement therefore gave rise to a claim by Bevins in the amount of her damages, or $32,024.46, caused by the Debtor's breach of the Property Settlement."). Nothing in the claim seeks to alter or avoid the effect of the judgment.

**4. The Contingent Tax Indemnification Claim Should Be Estimated for Distribution Reserve Purposes and Remain Subject to Reconsideration if It Becomes Fixing During the Case.**

Peridis is potentially liable for taxes arising from income and expenses reported on the Debtor’s 2021 tax return. Peridis has received no such demand, but his claim should be estimated for the purpose of establishing a reserve for distribution purposes. Any disallowance should be without prejudice to a motion for reconsideration on the ground that the contingent claim subsequently becomes fixed.

**5. Peridis’ Legal Expenses and Attorneys’ Fees Continue to Accrue and Their Adjudication Should Be Postponed Until They Arae More Certain.**

Peridis continues to accrue legal expenses and attorneys’ fees to enforce the judgment. The Court should defer adjudicate the amount of those fees until they have become largely fixed. *Cf. In re Olde Prairie Block Owner, LLC*, 452 B.R. 687, 696 (Bankr. N.D. Ill.), *order amended on reconsideration sub nom. In re Olde Prairie Block Owner LLC*, 460 B.R. 201 (Bankr. N.D. Ill. 2011) (creditor “not include in its Proof of Claim any information from which post-bankruptcy attorneys fees or undefined expenses could be calculated. It presented no evidence at trial on those subjects, nor did it seek to reserve for future ruling a calculation of such matters.”).

California law provides for the recovery of attorneys’ fees when a party frustrates a settlement. California Family Code § 271. The judgment does not address post-judgment attorneys’ fees, but it also does not bar them.

**Conclusion**

The Motion should be denied as set forth above, the proof of claim should be permitted to be amended with respect to additional interest accrual, the contingence tax indemnification claim should be estimated for distribution reserve purposes and any disallowance without prejudice to reconsideration if it becomes fixed, and the legal expenses and attorneys’ fees portion postponed until the accrual has largely ceased.

Dated: October 1, 2026

**RAMLO LAW**

By: *<u>/s/ Kurt Ramlo</u>*
Attorney for Creditor Matthew Peridis

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 15021 Ventura Blvd. #544, Sherman Oaks, CA 90034.

A true and correct copy of the foregoing document entitled

**Opposition to Motion Objecting to Claim No. 12-1 of Matthew Peridis; Declaration of Matthew Peridis**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 1, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Sanaz Sarah Bereliani berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com**
- **Kathy A Dockery (TR) EFiling@LATrustee.com**
- **David S Hagen davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net**
- **Shane Hicks shicks@zwickerpc.com**
- **United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov**

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **October 1, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 1, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 1, 2026 | Kurt Ramlo | /s/ Kurt Ramlo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |