| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Sanaz Sarah Bereliani, Esq. 256465**<br>**12100 Wilshire Blvd., 8th Floor**<br>**Los Angeles, CA 90025**<br>**310-882-5482 Fax: 888-876-0896**<br>California State Bar Number: **256465 CA**<br>**berelianilaw@gmail.com**<br><br>☐ Individual appearing without attorney<br>☑ Attorney for | Type text here |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>**Christopher Scott Ford**<br><br>Debtor(s) | CASE NO.: **2:26-bk-12720-NB**<br>CHAPTER: **13**<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (title of motion[1]):<br>**Motion Objecting to Claim No. 12-1 of Matthew Peridis** |

PLEASE TAKE NOTE that the order titled **Order on Motion Objecting to Claim No. 12-1 of Matthew Peridis** was lodged on (date) **10/26/2026** and is attached. This order relates to the motion which is docket number **32**.

[1] Please abbreviate if title cannot fit into text field.

L . O . U
Lodged Order Upload

**Bankruptcy LODGED ORDER UPLOAD FORM**

Monday, October 26, 2026

CONFIRMATION :

Your Lodged Order Info:
( **11359737.docx** )
A new order and exhibit has been added

- **Office**: Los Angeles
- **Case Title**: Christopher Scott Ford
- **Case Number**: 26-12720
- **Judge Initial**: NB
- **Case Type**: bk ( Bankruptcy )
- **Document Number**: 32
- **On Date**: 10/26/2026 @ 10:30 AM

Thank You!

---

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012

Sanaz S. Bereliani, SBN 256465
**Bereliani Law Firm, PC**
12100 Wilshire Blvd., 8th Floor
Los Angeles, CA 90025
Telephone: 310-882-5482
Fax: 888-876-0896
E-mail: berelianilaw@gmail.com

Attorneys for Debtor
Christopher Scott Ford

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Christopher Scott Ford,<br><br>Debtor. | Case No. 2:26-bk-12720-NB<br>Chapter 13<br><br>**Order on Motion Objecting to Claim No. 12-1 of Matthew Peridis**<br><br>Hearing Date: October 15, 2026<br>Hearing Time: 8:30 a.m.<br>Courtroom: 1545 Floor: 15th<br>Via ZoomGov Video<br>Via ZoomGov Telephone |

The Debtor's *Motion Objecting to Claim No. 12-1 of Matthew Peridis* [Docket No. 32] (the "Motion") came on for hearing at the above-captioned date and time. By its tentative ruling (attached as **Exhibit A**, the "**Tentative Ruling**"), the Court excused appearances at the hearing, and no party appeared at the hearing to contest the Tentative Ruling.

The Court, having considered the Objection and the opposition thereto, and for the reasons stated in the Tentative Ruling,

**IT IS HEREBY ORDERED**:

1. The Tentative Ruling is incorporated herein and constitutes the Court's ruling.
2. The Objection is sustained and overruled as set forth herein.

//

//

3. The proof of claim No. 12 of Matthew Peridis filed on June 1, 2026, as amended on October 22, 2026 (collectively, the "**Proof of Claim**"), is allowed in the amount of $198,829.86 as a general unsecured claim.

4. The tax indemnification portion of the Proof of Claim is disallowed on the basis that it is contingent.

5. The remainder of the Proof of Claim is disallowed as set forth in the Tentative Ruling.

# # #

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**2:26-12720 Christopher Scott Ford** **Chapter 13**

**#1.00** Hrg re: Debtor's Motion Objecting to Claim No. 12-1 of Matthew Peridis

Docket 32

**Tentative Ruling:**

Sustain in part and deny in part the Claim Objection (dkt. 32) and allow the claim as a general unsecured claim in the amount of $198,829.86, as set forth below.

Proposed order(s): Unless otherwise ordered, Debtor is directed to lodge proposed order(s) on the matter(s) addressed here via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

Appearances are not required. (If you wish to contest the tentative ruling, see the Posted Procedures of Judge Bason, available at www.cacb.uscourts.gov, then search for "tentative rulings.")

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

Key documents reviewed (in addition to motion papers): Opposition of Matthew Peridis ("Claimant") (dkt. 35 & 36), no reply on file

Analysis:
(a) Background
(i) Pre-petition dissolution of marriage and marriage settlement agreement

Debtor and Claimant were married on 1/13/20 and separated on 11/6/21. POC 12-1, PDF p. 9:12-13. On 11/22/21, Debtor filed a Petition For Dissolution of Marriage. *Id.,* PDF p. 9:15. On 1/20/22, Claimant filed a response. *Id.,* PDF p. On 9/12/23, the State Court entered a judgment

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT... Christopher Scott Ford Chapter 13**

dissolving the marriage and approving the parties' Stipulated Judgment for Dissolution of Marriage ("Marital Settlement Agreement" or "MSA"). Proof of Claim 12-1 ("POC 12"), Ex. A., PDF pp. 7-24.

Among other things, the MSA required Debtor to pay Claimant a $250,000 equalization payment, to be paid in 48 monthly installments of $2,900, beginning 6/15/23 and continuing through 5/15/27. POC 12, PDF p. 15:3-18. The MSA also provides that, "[i]n the event that any two (2) consecutive installment payments from [Debtor] to [Claimant] are more than five (5) days late, the entire remaining balance shall become immediately due and payable and shall then accrue legal interest at the rate of ten percent (10%) per annum." *Id.,* PDF p. 10-13 (the "Default Provision").

> Note: The MSA states that, "[w]hen the last installment payment of $2,900 is due on [5/15/27], [Debtor] shall have paid to [Claimant] the cumulative sum of $250,000 as and for the equalization payment." POC 12, PDF p. 15:13-15. It is unclear to this Court whether (x) the parties' math is incorrect (because $2,900 x 48 months = $139,200 not $250,000), (y) they intended for the balance of the equalization payment to be paid in a lump sum thereafter, as Claimant asserts (*see* POC 12, PDF p. 4, para. 2), or (z) they intended for the balance to be waived if Debtor timely made the 48 installment payments contemplated by the agreement. Regardless of the foregoing, Debtor defaulted on his payments (as set forth below) so the Default Provision kicked in, thereby making the entire remaining balance immediately due and payable.

Debtor made 32 monthly payments totaling $92,800 before filing this bankruptcy case on 3/23/26.

(ii) Proof of Claim 12-1

On 6/1/26, Claimant filed POC 12 asserting a claim for "[m]ore than $437,907.43 + ong[o]ing legal fees" arising from Debtor's default of the MSA. That figure is comprised of the following:

| | |
|---|---|
| (1) Defaulted equalization payment damages: | $290,287.07 |
| (2) Contingent income tax liability: | $122,620.36 |
| (3) Attorneys fees & costs: | $25,000.00 |
| Total: | $437,907.43 |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT... Christopher Scott Ford Chapter 13**

(iii) Debtor's objection to POC 12

Debtor objects to POC 12 and seeks an order allowing the claim as a general unsecured claim in the reduced amount of $157,286.14. Debtor asserts five grounds for reducing the claim.

First, Debtor argues that Claimant cannot seek damages arising from the assumed business loan because the MSA constituted a new contract and any claims for pre-dissolution debts are no longer valid and enforceable. *Id.,* pp. 7:1-8:2. Debtor argues that any damages must be limited to $157,200, which is the remaining unpaid equalization payment balance. Claim Obj. (dkt. 32), p. 3:4-12.

Second, Debtor argues that, at most, Claimant is entitled to $86.14 in default interest calculated from 3/21/26 through the 3/23/26 petition date, and that 11 U.S.C. 502(b)(2) forbids Claimant from obtaining post-petition interest on the unpaid equalization payment balance. Claim Obj. (dkt. 32), pp. 8:16-9:14.

Third, Debtor argues that the "reserved" tax-indemnification must be disallowed under 11 U.S.C. 502(e)(1)(B) because any tax liability is contingent and Claimant does not allege that he has paid anything to any taxing authority. Claim Obj. (dkt. 32), pp. 9:15-23. Debtor also highlights that (x) the MSA requires him to file separate tax returns for 2021 and forward, and (y) the FTB and IRS have each filed proofs of claim in this case (POC 1-1 and 2-1), and allowing that portion of POC 12 would be duplicative of claims already asserted by the IRS and FTB. *Id.,* pp. 9:25-10:3.

Fourth, Debtor argues that the MSA does not contain any provision entitling Claimant to recover attorneys fees and costs under the existing circumstances, so any request for reimbursement of attorneys fees and costs must be disallowed. Claim Obj. (dkt. 32), p. 10:5-19.

Finally, Debtor seeks a finding that POC 12 is a nonpriority general unsecured claim that is dischargeable under section 1328(a)(2).

(iv) Claimant's opposition

Claimant argues that based on the bank statements attached as Exhibit 2 to the Claim Objection, Debtor defaulted on the equalization payments on 3/21/24 and that under the MSA the entire balance became due and payable at that time, with interest accruing at the 10% rate. Opp. (dkt. 35), p. 5:2-18. Therefore, he intends to amend his claim to assert a balance of $198,829.86 arising from unpaid equalization payments and interest. *Id.*

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT... Christopher Scott Ford Chapter 13**

Claimant also confirms that no portion of his claim includes postpetition or unmatured interest and argues that he is not seeking to alter or avoid the effects of the MSA, but argues that Debtor's failure to comply with the terms of the MSA gives rise to his claim for damages. *Id.,* p. 5:19-6:3.

With respect to the tax indemnification, Claimant requests that his claim be estimated for purposes of establishing a reserve for distribution purposes and, alternatively, that any disallowance should be without prejudice.

Finally, Claimant argues that, although the MSA does not address post-judgment attorneys' fees, it also does not bar them, and argues that fees may be recoverable pursuant to California Family Code section 271.

(b) Discussion

(i) Equalization payment damages

The tentative ruling is that the MSA is a binding contract that extinguished all claims and liabilities arising prior to its execution and any damages are limited to the remedies contemplated by that agreement. *See In re Marriage of Iberti*, 55 Cal. App. 4th 1434, 1439 (1997) ("Marital settlement agreements incorporated into a dissolution judgment are construed under the statutory rules governing the interpretation of contracts generally"). Accordingly, the tentative ruling is that Claimant's damages are limited to the MSA's Default Provision, which entitles Claimant to "the entire remaining balance" plus "interest at the rate of ten percent (10%) per annum" from the date of default. POC 12, PDF p. 15:11-13. Based on this Court's review of Debtor's bank statements (Dkt. 32, Ex. 2, PDF pp. 36-70), the tentative ruling is that Debtor first defaulted on 3/21/24.

Claimant asserts that the unpaid balance, plus interest as of the 3/21/24 default date, totals $198,829.86. Debtor has not filed any reply papers disputing those calculations, so the tentative ruling is that Claimant is entitled to damages in the total amount of $198,829.86.

(ii) Contingent tax liability claims

The tentative ruling is to sustain Debtor's objection as to the portion of the claim attributable to contingent tax liabilities pursuant to 11 U.S.C. 502(e)(1)(B) which states, in relevant part, that "the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor ... to the extent that ... such claim for reimbursement or contribution is

# United States Bankruptcy Court
# Central District of California
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT... Christopher Scott Ford** **Chapter 13**

contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution...." (emphasis added).

(iii) Attorney fees and costs

The tentative ruling is to disallow any attorney fees and costs. Attorney fees and costs generally are not recoverable unless authorized by statute or contract. *Gray v. Don Miller & Associates, Inc.,* 35 Cal. 3d 498 (1984).

The MSA does not contain an attorneys' fees provision that entitles Claimant to recover any attorneys' fees and costs incurred as a result of Debtor's default under the equalization payment schedule. The tentative ruling is also that this Court is not persuaded that California Family Code section 271 provides a statutory basis for Claimant to recover his attorney fees and costs because any such award is "in the nature of a sanction" and shall not be imposed if doing so would cause "an unreasonable financial burden" on the person being sanctioned. *Id.* section 271(a). Claimant has not pointed to any sanctionable behavior, and Debtor's bankruptcy petition and schedules are prima facie evidence of an "unreasonable financial burden." In addition, the tentative ruling is that section 271 appears to apply to litigation and/or pre-settlement conduct, rather than to compensate a party for damages arising from any post-settlement default. *See, e.g., In re Marriage of Corona,* 172 Cal. App. 4th 1205, 1225 (2009) ("[s]ection 271, subdivision (a) authorizes sanctions to advance the policy of promoting settlement of litigation ...").

(c) Conclusion

For the reasons set forth above, the tentative ruling is to sustain in part and deny in part the claim objection and allow POC 12 as a general unsecured claim in the amount of $198,829.86.

**Party Information**

**Debtor(s):**

Christopher Scott Ford — Represented By
Sanaz Sarah Bereliani

**Trustee(s):**

Kathy A Dockery (TR) — Pro Se

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT...** **Christopher Scott Ford** **Chapter 13**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**12100 Wilshire Blvd., 8th Floor**
**Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/26/2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Shane Hicks - shicks@zwickerpc.com**
**Kathy A Dockery (TR) - EFiling@LATrustee.com**
**Sanaz Sarah Bereliani - berelianilaw@gmail.com**
**David S Hagen - davidhagenlaw@gmail.com**
**Kurt Ramlo - RamloLegal@gmail.com**
**United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **10/26/2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Neil W. Bason**
**United States Bankruptcy Court**
**255 E. Temple Street, Suite 1552**
**Los Angeles, CA 90012**

**Matthew Peridis**
**1205 S. Genesee Avenue**
**Los Angeles, CA 90019**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **October 26, 2026** | **Andrea Gomez** | /s/ **Andrea Gomez** |
| *Date* | *Printed Name* | *Signature* |