United States Bankruptcy Court

Central District of California

In re: Case No. 26-12720-NB

Christopher Scott Ford Chapter 13

Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 26, 2026 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 28, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Christopher Scott Ford, 8457 Blackburn Ave #300, Los Angeles, CA 90048-4353 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 28, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 26, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| David S Hagen | on behalf of Creditor David S. Law Offices of Stephen N. Shapiro davidhagenlaw@gmail.com LawOfficesofDavidSHagenCA1@jubileebk.net |
| Kathy A Dockery (TR) | EFiling@LATrustee.com |
| Kurt Ramlo | on behalf of Creditor Matthew Peridis RamloLegal@gmail.com kr@ecf.courtdrive.com;ramlo@recap.email |
| Sanaz Sarah Bereliani | on behalf of Debtor Christopher Scott Ford berelianilaw@gmail.com chris@berelianilaw.com;r48595@notify.bestcase.com |
| Shane Hicks | on behalf of Creditor American Express National Bank c/o Zwicker & Associates, P.C. shicks@zwickerpc.com |
| United States Trustee (LA) | |

ustpregion16.la.ecf@usdoj.gov

TOTAL: 6

Sanaz S. Bereliani, SBN 256465
**Bereliani Law Firm, PC**
12100 Wilshire Blvd., 8th Floor
Los Angeles, CA 90025
Telephone: 310-882-5482
Fax: 888-876-0896
E-mail: berelianilaw@gmail.com

Attorneys for Debtor
Christopher Scott Ford

FILED & ENTERED

OCT 26 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION**

In re

Christopher Scott Ford,

Debtor.

Case No. 2:26-bk-12720-NB

Chapter 13

**ORDER ON MOTION OBJECTING TO CLAIM NO. 12-1 OF MATTHEW PERIDIS**

Hearing Date: October 15, 2026
Hearing Time: 8:30 a.m.
Courtroom: 1545 Floor: 15th
Via ZoomGov Video
Via ZoomGov Telephone

The Debtor's *Motion Objecting to Claim No. 12-1 of Matthew Peridis* [Docket No. 32] (the "~~Motion~~POC Objection") came on for hearing at the above-captioned date and time. By its tentative ruling (attached as **Exhibit A**, the "**Tentative Ruling**"), the Court excused appearances at the hearing, and no party appeared at the hearing to contest the Tentative Ruling.

The Court, having considered the POC Objection and the opposition thereto (dkt. 35 & 36), and for the reasons stated in the Tentative Ruling,

**IT IS HEREBY ORDERED**:

1. The Tentative Ruling is incorporated herein and constitutes the Court's actual ruling.

2. The Objection is sustained and overruled as set forth herein.

//

3. The proof of claim No. 12 of Matthew Peridis filed on June 1, 2026, as amended on October 22, 2026 (collectively, the "**Proof of Claim**"), is allowed in the amount of $198,829.86 as a general unsecured claim.

4. The tax indemnification portion of the Proof of Claim is disallowed on the basis that it is contingent (11 U.S.C. § 502(e)(1)(B)).

5. The remainder of the Proof of Claim is disallowed as set forth in the Tentative Ruling.

# # #

Date: October 26, 2026

Neil W. Bason
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**2:26-12720 Christopher Scott Ford** **Chapter 13**

**#1.00** Hrg re: Debtor's Motion Objecting to Claim No. 12-1 of Matthew Peridis

Docket 32

**Tentative Ruling:**

Sustain in part and deny in part the Claim Objection (dkt. 32) and allow the claim as a general unsecured claim in the amount of $198,829.86, as set forth below.

Proposed order(s): Unless otherwise ordered, Debtor is directed to lodge proposed order(s) on the matter(s) addressed here via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

Appearances are not required. (If you wish to contest the tentative ruling, see the Posted Procedures of Judge Bason, available at www.cacb.uscourts.gov, then search for "tentative rulings.")

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

Key documents reviewed (in addition to motion papers): Opposition of Matthew Peridis ("Claimant") (dkt. 35 & 36), no reply on file

Analysis:
(a) Background
(i) Pre-petition dissolution of marriage and marriage settlement agreement

Debtor and Claimant were married on 1/13/20 and separated on 11/6/21. POC 12-1, PDF p. 9:12-13. On 11/22/21, Debtor filed a Petition For Dissolution of Marriage. *Id.,* PDF p. 9:15. On 1/20/22, Claimant filed a response. *Id.,* PDF p. On 9/12/23, the State Court entered a judgment

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT... Christopher Scott Ford Chapter 13**

dissolving the marriage and approving the parties' Stipulated Judgment for Dissolution of Marriage ("Marital Settlement Agreement" or "MSA"). Proof of Claim 12-1 ("POC 12"), Ex. A., PDF pp. 7-24.

Among other things, the MSA required Debtor to pay Claimant a $250,000 equalization payment, to be paid in 48 monthly installments of $2,900, beginning 6/15/23 and continuing through 5/15/27. POC 12, PDF p. 15:3-18. The MSA also provides that, "[i]n the event that any two (2) consecutive installment payments from [Debtor] to [Claimant] are more than five (5) days late, the entire remaining balance shall become immediately due and payable and shall then accrue legal interest at the rate of ten percent (10%) per annum." *Id.,* PDF p. 10-13 (the "Default Provision").

> Note: The MSA states that, "[w]hen the last installment payment of $2,900 is due on [5/15/27], [Debtor] shall have paid to [Claimant] the cumulative sum of $250,000 as and for the equalization payment." POC 12, PDF p. 15:13-15. It is unclear to this Court whether (x) the parties' math is incorrect (because $2,900 x 48 months = $139,200 not $250,000), (y) they intended for the balance of the equalization payment to be paid in a lump sum thereafter, as Claimant asserts (*see* POC 12, PDF p. 4, para. 2), or (z) they intended for the balance to be waived if Debtor timely made the 48 installment payments contemplated by the agreement. Regardless of the foregoing, Debtor defaulted on his payments (as set forth below) so the Default Provision kicked in, thereby making the entire remaining balance immediately due and payable.

Debtor made 32 monthly payments totaling $92,800 before filing this bankruptcy case on 3/23/26.

(ii) <u>Proof of Claim 12-1</u>

On 6/1/26, Claimant filed POC 12 asserting a claim for "[m]ore than $437,907.43 + ong[o]ing legal fees" arising from Debtor's default of the MSA. That figure is comprised of the following:

| | |
|---|---|
| (1) <u>Defaulted equalization payment damages</u>: | $290,287.07 |
| (2) <u>Contingent income tax liability</u>: | $122,620.36 |
| (3) <u>Attorneys fees & costs</u>: | <u>$25,000.00</u> |
| Total: | $437,907.43 |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT...** **Christopher Scott Ford** **Chapter 13**

(iii) Debtor's objection to POC 12

Debtor objects to POC 12 and seeks an order allowing the claim as a general unsecured claim in the reduced amount of $157,286.14. Debtor asserts five grounds for reducing the claim.

First, Debtor argues that Claimant cannot seek damages arising from the assumed business loan because the MSA constituted a new contract and any claims for pre-dissolution debts are no longer valid and enforceable. *Id.,* pp. 7:1-8:2. Debtor argues that any damages must be limited to $157,200, which is the remaining unpaid equalization payment balance. Claim Obj. (dkt. 32), p. 3:4-12.

Second, Debtor argues that, at most, Claimant is entitled to $86.14 in default interest calculated from 3/21/26 through the 3/23/26 petition date, and that 11 U.S.C. 502(b)(2) forbids Claimant from obtaining post-petition interest on the unpaid equalization payment balance. Claim Obj. (dkt. 32), pp. 8:16-9:14.

Third, Debtor argues that the "reserved" tax-indemnification must be disallowed under 11 U.S.C. 502(e)(1)(B) because any tax liability is contingent and Claimant does not allege that he has paid anything to any taxing authority. Claim Obj. (dkt. 32), pp. 9:15-23. Debtor also highlights that (x) the MSA requires him to file separate tax returns for 2021 and forward, and (y) the FTB and IRS have each filed proofs of claim in this case (POC 1-1 and 2-1), and allowing that portion of POC 12 would be duplicative of claims already asserted by the IRS and FTB. *Id.,* pp. 9:25-10:3.

Fourth, Debtor argues that the MSA does not contain any provision entitling Claimant to recover attorneys fees and costs under the existing circumstances, so any request for reimbursement of attorneys fees and costs must be disallowed. Claim Obj. (dkt. 32), p. 10:5-19.

Finally, Debtor seeks a finding that POC 12 is a nonpriority general unsecured claim that is dischargeable under section 1328(a)(2).

(iv) Claimant's opposition

Claimant argues that based on the bank statements attached as Exhibit 2 to the Claim Objection, Debtor defaulted on the equalization payments on 3/21/24 and that under the MSA the entire balance became due and payable at that time, with interest accruing at the 10% rate. Opp. (dkt. 35), p. 5:2-18. Therefore, he intends to amend his claim to assert a balance of $198,829.86 arising from unpaid equalization payments and interest. *Id.*

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT... Christopher Scott Ford Chapter 13**

Claimant also confirms that no portion of his claim includes postpetition or unmatured interest and argues that he is not seeking to alter or avoid the effects of the MSA, but argues that Debtor's failure to comply with the terms of the MSA gives rise to his claim for damages. *Id.,* p. 5:19-6:3.

With respect to the tax indemnification, Claimant requests that his claim be estimated for purposes of establishing a reserve for distribution purposes and, alternatively, that any disallowance should be without prejudice.

Finally, Claimant argues that, although the MSA does not address post-judgment attorneys' fees, it also does not bar them, and argues that fees may be recoverable pursuant to California Family Code section 271.

(b) Discussion

(i) Equalization payment damages

The tentative ruling is that the MSA is a binding contract that extinguished all claims and liabilities arising prior to its execution and any damages are limited to the remedies contemplated by that agreement. *See In re Marriage of Iberti*, 55 Cal. App. 4th 1434, 1439 (1997) ("Marital settlement agreements incorporated into a dissolution judgment are construed under the statutory rules governing the interpretation of contracts generally"). Accordingly, the tentative ruling is that Claimant's damages are limited to the MSA's Default Provision, which entitles Claimant to "the entire remaining balance" plus "interest at the rate of ten percent (10%) per annum" from the date of default. POC 12, PDF p. 15:11-13. Based on this Court's review of Debtor's bank statements (Dkt. 32, Ex. 2, PDF pp. 36-70), the tentative ruling is that Debtor first defaulted on 3/21/24.

Claimant asserts that the unpaid balance, plus interest as of the 3/21/24 default date, totals $198,829.86. Debtor has not filed any reply papers disputing those calculations, so the tentative ruling is that Claimant is entitled to damages in the total amount of $198,829.86.

(ii) Contingent tax liability claims

The tentative ruling is to sustain Debtor's objection as to the portion of the claim attributable to contingent tax liabilities pursuant to 11 U.S.C. 502(e)(1)(B) which states, in relevant part, that "the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor ... to the extent that ... such claim for reimbursement or contribution is

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT... Christopher Scott Ford Chapter 13**

contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution...." (emphasis added).

(iii) Attorney fees and costs

The tentative ruling is to disallow any attorney fees and costs. Attorney fees and costs generally are not recoverable unless authorized by statute or contract. *Gray v. Don Miller & Associates, Inc.,* 35 Cal. 3d 498 (1984).

The MSA does not contain an attorneys' fees provision that entitles Claimant to recover any attorneys' fees and costs incurred as a result of Debtor's default under the equalization payment schedule. The tentative ruling is also that this Court is not persuaded that California Family Code section 271 provides a statutory basis for Claimant to recover his attorney fees and costs because any such award is "in the nature of a sanction" and shall not be imposed if doing so would cause "an unreasonable financial burden" on the person being sanctioned. *Id.* section 271(a). Claimant has not pointed to any sanctionable behavior, and Debtor's bankruptcy petition and schedules are prima facie evidence of an "unreasonable financial burden." In addition, the tentative ruling is that section 271 appears to apply to litigation and/or pre-settlement conduct, rather than to compensate a party for damages arising from any post-settlement default. *See, e.g., In re Marriage of Corona,* 172 Cal. App. 4th 1205, 1225 (2009) ("[s]ection 271, subdivision (a) authorizes sanctions to advance the policy of promoting settlement of litigation ...").

(c) Conclusion

For the reasons set forth above, the tentative ruling is to sustain in part and deny in part the claim objection and allow POC 12 as a general unsecured claim in the amount of $198,829.86.

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Christopher Scott Ford | Represented By<br>Sanaz Sarah Bereliani |

**Trustee(s):**

| | |
|---|---|
| Kathy A Dockery (TR) | Pro Se |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Thursday, October 15, 2026** **Hearing Room 1545**

8:30 AM
**CONT... Christopher Scott Ford** **Chapter 13**